JUDGE LINDSAY
delivered the opinion oe the court.
The answer to the action founded on the note for five hun-' dred dollars presents no defense whatever; neither does that filed in the proceeding on the note for one thousand one hundred dollars, unless it be construed as pleading usury to the extent of the forty dollars deducted by the circuit court. Appellant does not set out facts showing a mistake in reducing the contract of March 1, 1871, to writing. The note and mortgage harmonize in every particular, and it is not averred that Thomasson did not read and understand the legal effect of both of said writings. His amended answer indicates his intention to rely for defense on a contemporaneous oral agreement inconsistent with that evidenced by the written memorials admitted to have been freely and voluntarily executed. Such a defense was of course inadmissible.
Thomasson’s original answer does sufficiently set out that the note for one thousand one hundred dollars contained usury to the amount of forty dollars; and, although no relief was specifically asked on this account, the court below did not err in deducting said sum from the amount for which judgment was asked.
We are of opinion that the amended petition was properly rejected. It contained all the allegations necessary to constitute a cause of action, provided the contract sued on is one which the courts will enforce against the objections of the obligor. The undertaking is that Thomasson would pay the costs of suit, including a reasonable attorney’s fee, in case the mortgage had to be foreclosed. It was averred that fifty dollars was a reasonable fee, and that said amount had actually been paid by the mortgagees.
The sum thus attempted to be recovered constitutes no part of the debt due from Thomasson, nor does it come within the statutory provisions fixing the legal costs or attorney’s fee to be paid by an unsuccessful litigant. It is in the nature of a *116 penalty to be imposed in case the mortgagor should fail to pay off and satisfy the mortgage debt before judgment. We regard such agreements as inconsistent with the policy of pur laws. The statute fixes the attorney’s fee to be taxed as costs in equity cases at five dollars. If parties by contract can increase this item of costs tenfold, there is no reason why all other costs may not be so increased. Such contracts are also in their nature usurious. They can not be enforced without ^allowing the creditor to recover a greater sum than his debt with legal interest and costs. Penalties will not be enforced when compensation can be made; where they are to secure the payment of money they will be relieved against upon the payment of the principal and interest of the debt. (1st ed. Ch’y R. 39; Story’s Equity Jurisprudence, 1314.)
In the case of Smith v. Kahn & Will (MS. Opinion, Nov. 7, 1871), where judgment had been rendered by default upon a contract similar to the one under consideration, it was reversed because payment of attorney’s fee was not averred. The court expressed no opinion as to the right of the debtor to resist the enforcement of the contract, and from that fact counsel infers a recognition of the legality of such agreements. This inference is not warranted. Under the common-law practice contracts involving penalties were constantly enforced, but the judgments were relieved against by courts of equity. Under our Civil Code the equitable defense must be made to the action at law, otherwise it will be waived. (Sec. 14.) It therefore results that when a judgment is rendered by default in a ease like this, upon a petition setting out the contract in accordance with the rules of pleading, the defendant will be without remedy. This is the extent of the rule intimated, and it is only intimated, in the opinion in Smith v. Kahn & Will. In this case the defendant was in court resisting the enforcement of the penalty.
The court therefore did not abuse a sound discretion in *117 refusing, after the pleading had been fully made up and the cause prepared for hearing, to allow the amendment to be filed.
Wherefore, on the cross-appeal of Townsend, &c., the judgment is affirmed. Upon the appeals of Thomasson both judgments are also affirmed.