*R. J. Megler, for appellants. W. R. Thompson, for appellees.*

---

### MT. VERNON BANKING CO. *v.* H. P. RANDOLPH, ET AL.

**Attorney's Fees—Promissory Notes.**

Conditional contracts inserted in the body of promissory notes to pay attorney fees if legal process is resorted to to collect the note are not enforcible.

APPEAL FROM HENDERSON CIRCUIT COURT.

April 29, 1876.

Opinion by Judge Lindsay:

In the case of *Thomasson v. Townsend*, 10 Bush 114, this court held that an undertaking of like import with the one embodied in the note here sued on, to wit, "Should the payment of this note be enforced by legal process, the judgment shall include the attorney's fee for collecting the same," was inconsistent with the policy of our laws.

In that view of the subject such contracts will not be enforced by the courts of this state, no matter where they may have been entered into. It is manifest upon the face of the note that this undertaking constitutes no part of the indebtedness of the obligors to the payee. It is in the nature of a penalty for the non-payment of money, and will be relieved against upon the payment of the principal and interest of the debts. Damages in the way of counsel fees for the breach of contracts were never recoverable at the common law. Sedgwick on Damages, side page 96. Our statutes have changed the common-law rule to the extent of fixing the sums that may be awarded as damages in the way of attorney's fees. These statutes determine the duty of the courts in this regard. This duty cannot be enlarged or extended by contracts entered into under the laws of the state of Indiana.

We recognize to the fullest extent the rule that the lex loci contractu controls the nature, construction and validity of a contract. But it does not control or in any way affect the remedy allowed in the county in which it is in suit; nor does it impose upon the courts of that county the duty of holding valid and enforcible a contract which contravenes the policy of its laws. As we have already seen, the contract under consideration, so far as it contemplates the payment of a greater sum, as an attorney's fee, than is fixed and allowed by our statutes, is inconsistent with and contrary to the policy of our laws. The legal attorney's fee was adjudged by the court below, and it properly refused to adjudge a greater sum. Judgment *affirmed*.

*H. F. Turner, for appellant. Eaves & Prentice, for appellees.*