JUDGE COFER
delivered the opinion op the court.
The note sued upon reads as follows, viz.:
“Louisville, June 12, 1872.
“ One year after date we promise to pay to R. A. Thompson, or order, one thousand dollars, value received, with interest at ten per cent, payable semi-annually, negotiable and payable at the Citizens’ Bank in Louisville; this note being secured by mortgage of even date herewith.”
Upon this note judgment in personam was rendered against J. J. Rilling, one of the obligors therein. The mortgage recited in the note was given by said J. J. Rilling and his wife Mary T. Rilling, upon the latter’s property, and was enforced against the mortgaged property for $1,000, with interest at the rate of ten per cent per annum from the date of the note to the day of sale, which occurred July 20, 1874.
*311 The mortgage contained a stipulation that if it had to be enforced by judicial proceedings the mortgagors would pay, in addition to the note and interest, a reasonable attorney’s fee. It was alleged that $50 was a reasonable fee, and judgment was rendered therefor.
This appeal is prosecuted to reverse the judgment for alleged error in adjudging interest at ten per cent after the maturity of the note, and in allowing $50 as an attorney’s fee.
At the date of the note it was lawful to contract in writing for the payment of interest at any rate not exceeding ten per cent, but in the absence of a contract in writing for a different rate the law fixed it at six per cent.
1. The note contains upon its face an agreement to pay a certain sum with certain interest at a certain time, but there is no agreement as to the rate of interest to be paid after maturity ; and the statute provided that where no rate of interest was expressly and in writing agreed upon, the rate should be six per cent. 'Whatever interest is recoverable upon the note after maturity is recoverable not upon the stipulations expressed in the writing, but upon the provisions of the statute. If the right to interest depended alone upon the contract, and was not given by law, the appellee would not be entitled to any interest after the maturity of the note, and could only recover, if at all, by way of damages for withholding the money due. (Brewster v. Wakefield, 22 Howard, 127; Macomber v. Dunham, 8 Wend. 550; U. S. Bank v. Chapin, 9 Wend. 471; Ludwig v. Huntsinger, 5 Watts & Serg’t, 51, 60; Henry v. Thompson, Minor, 209.)
2. No judgment should have been rendered for an attorney’s fee. (Thomasson v. Townsend, 10 Bush, 114; Gaar v. Louisville Banking Company, 11 Bush, 180.)
Judgment reversed and cause remanded for a judgment in conformity to this opinion.