JUDGE HINES
delivered the opinion op the court.
This is an action in equity on a note, secured by mortgage, in which the appellant seeks personal judgment and asks for a sale of the mortgaged property.
*215 In the body of the note is this stipulation, “ If the note is collected by suit, we are to pay a reasonable attorney’s fee.”
The petition alleges the agreement to pay a reasonable attorney’s fee, but does not state' what amount would be reasonable for the services performed. It does not charge that the plaintiff has paid, or even promised to pay, any certain sum. The pleader attempted to remedy this defect by offering an amended petition, charging that $87 would be reasonable. The amount of the note, principal and interest to date •of tendering the amendment, was $1,740. The court below refused to allow the amendment to be filed, and rejected the •claim for an attorney’s fee. From these rulings an appeal was taken.
Waiving the question as to whether there was any abuse of discretion on the part of the court in refusing to allow the amended petition to be filed, ’fre will treat it as filed, in order fairly to present the inquiry as to the validity of the agreement sought to be enforced.
. An intimation in the opinion of this court, in the case of Smith v. Kahn and wife, MS. opinion, Nov. 7, 1871, appears to have led to the conclusion that such contracts would be enforced where no defense was made. Such a question did not arise in that case. There a judgment was rendered by default, but the reversal was on the ground of the failure to aver the payment' of an attorney’s fee.
In Thomasson v. Townsend, 10 Bush, 114, the party was in court resisting, and it was held there could be no recovery, and that such contracts were contrary to the policy of the law, in the nature of penalties, and to a certain extent usurious.
In Gaar v. Louisville Banking Company, 11 Bush, 189, the court places its refusal to enforce such contracts upon the sole ground that they are agreements to pay penalties, and that they are not to any extent usurious.
In Rilling v. Thompson, 12 Bush, 310, it is held that such *216 contracts can not be enforced, and the court cites Thomasson v. Townsend and Gaar v. Louisville Banking Company as authorities, but gives no other reason for its ruling.
A later case in this court, Myers v. Wise, MS. opinion, Sept. 9, 1878, places the refusal to enforce such contracts upon the broader ground that they are not only in the nature of penalties, but that they are contrary to public policy, and tend to encourage litigation.
We are clearly of the opinion that all such contracts are absolutely void. They are contrary to the policy of our laws, which prescribe the amount of attorney’s fees that may be taxed against the unsuccessful litigant. They are agreements to pay penalties, tend to the oppression of the debtor, and to encourage litigation. (Bullock v. Taylor, S. C. Michigan,. June term, 1878; Smith v. Sheldon, 35 Mich. 42.)
Judgment affirmed.