JAMES COLCORED *v.* J. G. ARNOLD'S COMMITTEE.

**Contract to Pay Money—Interest.**

> Where a contract provides for the payment of interest until ma-
> turity, there is no agreement to pay interest annually; and after
> the maturity of an obligation to pay money it will only bear legal
> interest unless there is an express agreement.

### APPEAL FROM PENDLETON CIRCUIT COURT.

October 30, 1878.

RESPONSE BY JUDGE COFER:

By the terms of the contract appellant was to pay $500 for 200
acres of land in four equal annual installments, with interest paya-
ble annually. According to the case of *Talliaferro's Ex'rs v. King's
Ad'rs and Heirs,* 9 Dana 331, each installment of interest should
bear interest from the time when it was stipulated to be paid, so long
as it remains unpaid.

The contract only provides, however, for the payment of interest
until maturity. In other words, there is no stipulation in it to pay
interest until the principal is paid, and consequently there is no
agreement to pay interest annually on any part of the debt after
such part became due, and we have decided that after the maturity
of an obligation to pay money it will only bear legal interest unless
there is an express agreement. The rate stipulated to be paid up to
that time shall continue until the debt is paid. *Rilling v. Thomp-
son,* 12 Bush 310, and for like reasons, when a contract, such as in
this case, or in *Talliaferro's Ex'rs v. King's Adm'rs and Heirs,* ma-
tures as to the whole or any part of the debt the portion due ceases
to bear interest under the contract, and every running interest at the
legal rate can be recovered. True, no such distinction is taken in
the Talliaferro case, but there is nothing which necessarily excludes
it, and as it is established by the subsequent case, there is no reason
why it should not be made here.

January 25, 1845, the end of one year from the date of the con-
tract, there was due thereon $155, $125 of the principal debt, and
$30 for one year's interest on the whole debt; January 25, 1846,
there was due $149; January 25, 1847, $143, and January 25, 1849,
$131. Each of these sums should bear interest from the day when
it fell due until paid, or interest may be calculated up to the date of
the payment, and judgment be rendered for the whole sum of prin-
cipal and interest to bear interest from that time until paid.

The appellant testified in his deposition given in October, 1875, that he had been in possession of the "slip" for twenty-three years, which would make the time of his entering into possession October, 1852. He should therefore be charged with interest on the price agreed to be paid for that parcel ($2.50 per acre) from that time.

To the extent indicated herein the opinion is modified, and as to all other matters the petitions are overruled.

*C. H. Lee, W. W. Trimble, for appellant.*
*Stevenson & O'Hara, for appellee.*