CASE 40—PETITION ORDINARY—DECEMBER 9.

## Clark v. Tanner.

100   275
100   300

100   275
q106  161

APPEAL FROM LINCOLN CIRCUIT COURT.

1. FRAUD—MISREPRESENTATIONS—INSTRUCTIONS.—In an action on notes given for the price of land, where the defense is that the vendor stated and represented that certain improvements would be made in the vicinity of the lot, which statements and representations were false, but relied upon by the defendant, and induced him to make the purchase, an instruction telling the jury to find for the defendant, if they believe these things, was erroneous, because of its failure to further require the jury, before finding for defendant, to believe that the vendor had means of knowing, or actual knowledge on the subject of such prospective improvements, that the purchaser did not have and could not have acquired by ordinary diligence.

2. BONA FIDE HOLDER WITHOUT NOTICE—FRAUD.—The notes sued on being under the laws of Tennessee where the contract was made, upon the footing of inland bills of exchange, and having been, before maturity, for a valuable consideration, transferred to appellant without notice of any fraud, are unaffected by any fraud as between the original parties.

3. CONFLICT OF LAWS—COMITY—STIPULATION TO PAY ATTORNEY'S FEE.—Where a note is executed in Tennessee and stipulates for the payment of an attorney's fee if resort to law is necessary to collect it, such a stipulation, although enforceable under the laws of

Tennessee, will not be enforced in this State, where such contracts are held to be contrary to the policy of our laws, and absolutely void. The general rule is that the validity of a contract is to be determined by the law of the place where it is made, and if valid there, will be held valid everywhere; but comity should not and does not require a contract made in one State, to be enforced by the courts of another State that treat similar contracts made therein as absolutely void.

HILL & McROBERTS FOR APPELLANT.

1. The peremptory instruction asked for by appellant should have been given because the admitted facts were: (a) That the notes were payable in Tennessee; (b) that they were inland bills of exchange by the laws of that State, and (c) that appellant was a *bona fide* purchaser of said notes for value, before maturity and without notice. (Daniel on Negotiable Instruments, sec. 819.)

2. The misrepresentations alleged in the first paragraph of the answer were not in respect to any past or existing fact, and were therefore not available as a defense. (Sawyer v. Prickett, 19 Wall. (U. S.), 146; 123 Ind., 378; Brandt on Sureties, sec. 351.)

3. The demurrer to the second paragraph of the answer wherein appellee pleads the Tennessee statute in reference to conspiracy, should have been sustained because the statute does not declare such contracts void, and it is not so alleged. (Daniel on Negotiable Instruments, secs. 197 and 808; Farmers and Drovers Bank v. Unser, 13 Ky. L. R., 966;. Fielding v. Blair, 22 U. S., 632; Snoddy v. Bank, 88 Tenn., 573.)

4. In the absence of an express contract, the place where a note is executed and delivered and where the payee resides is the place of performance. (Short v. Trabue, 4 Met., 299; Todd v. Bank of Ky., 3 Bush, 626.)

WELCH & SAUFLEY FOR APPELLEE.
   (No brief in the record.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought in Lincoln Circuit Court by appellant T. B. Clark to recover amount of two promissory notes executed in 1890 by appellee K. L. Tanner,

and made payable to Alice W. Crowder or order for deferred payments of a lot of land in the town of Rockwood, Tennessee, which she sold and conveyed to him. Appellant also seeks recovery on the following stipulations contained in each of the contracts: "If necessary to resort to law to enforce the payment of this note, I agree to pay all costs of litigation together with reasonable attorney's fee."

Defense to the action is based upon alleged false representations made by H. A. Crowder, husband and agent of the vendor to appellee upon which as stated in his answer he relied and by which he was induced to make the purchase, in substance, that certain associations of persons styled The Roane Iron Company, The McNutt Addition, The Rockwood Addition and other companies and associations operating in Rockwood intended and would complete a dummy railway line therefrom to Cardiff, a street-car line in Rockwood, erect an iron foundry, glass works, planing mill and hotel costing $50,000, also complete a ditch sufficient to carry away surplus water from said lot.

And the lower court instructed the jury to find for defendant if they believed such representations were made by H. A. Crowder, pending negotiations for sale and purchase of the lot; that appellee believed and was induced by them, or such of them as were untrue, to purchase the lot, and that they were false, or were made recklessly by him to induce the purchase without believing or having any reasonable grounds to believe them to be true.

That instruction even if in other respects proper is defective in failure of court to require the jury before finding for defendant to believe that H. A. Crowder had means of knowing or actual knowledge on the subject of prospective improvements in the town of Rockwood that appellee did not have, nor by exercise of ordinary diligence could have acquired.

It was stated in the answer substantially that H. A. Crowder had conspired with the companies and associations mentioned to deceive unwary persons in regard to the prospective growth of the town of Rockwood in population and wealth by reason of improvements which they promised and avowed their purpose to make, and that appellee, being in that manner deceived, was induced to purchase the lot. The jury was not however required by the instruction to determine whether that allegation was true; but authorized to find against appellant upon the mere hypothesis that H. A. Crowder falsely represented that said associations would complete the improvements referred to, and defendant was thereby induced to make the purchase, without inquiry whether he had or by exercise of ordinary diligence might have himself acquired knowledge on the subject.

While it is not difficult to conceive a case where the vendor may make false representations of his intention and purpose, or intention and purpose of persons associated with him amounting to an implied undertaking to make or cause made improvements of such character and extent as to greatly increase market value of real

Clark v. Tanner.

property in a mushroom town, and thus fraudulently induce a stranger to purchase property he has to sell at extravagant or boom price, the purchaser himself is not wholly relieved of the duty of exercising reasonable diligence.   For what is merely commendation of quality or value, present or prospective, of his property that any vendor may legally make, should not be mistaken for false representations by the seller in respect to what is latent and not discernable by proper diligence of the purchaser.

It was alleged in the petition and not denied in the answer that according to statute of Tennessee where the contract was made and by the laws of which it is to be governed, promissory notes of the character and description of those sued on in this case are put upon the footing of inland bills of exchange.   It was also alleged, and either not sufficiently denied, or else satisfactorily proved, that said notes were before maturity for a valuable consideration and in due course of business purchased by and transferred with endorsement of Alice W. Crowder to appellant, and that he is a *bona fide* holder without notice of the alleged fraud.   And such being so, his title and right of recovery is, according to recognized doctrine approved by this court unaffected by the fraud of H. A. Crowder, even if it was of such character as, between appellee and Alice W. Cronder the original parties, to render the contract invalid. Woolfork v. Bank of America 10, Bush 544.

In our opinion appellant, as the record stands, is entitled to recover amount of the notes, but a question

arises, like of which has never been decided by this court, whether the stipulation for payment of a reasonable attorney's fee, though valid and binding according to laws of Tennessee, is enforcible in this State,

As said in Story on Conflict of Laws, page 325: "Generally speaking, the validity of a contract is to be decided by the law of the peace when it is made. If valid there it is by the general law of nations held valid everywhere by the tacit or implied consent of the parties," but whatever effect may be given to a contract beyond limits of the State where it is made, is done not of right but of comity, consequently there are recognized and approved exceptions to the general doctrine, "which, as said by Justice Martin in Whitson v. Stodder 8 Mart.(La).95, apply to cases in which the contract is immoral, or unjust, or in which the enforcing it in a State would be injurious to the rights, the interests or convenience of such State or its citizens."

How contracts like the one in question are regarded by this court is apparent from language used in Witherspoon v Musselman, etc., 14 Bush, 214, as follows: " We are clearly of opinion that all such contracts are absolutely void. They are contrary to the policy of our laws. which prescribe the amount of attorney's fee that may be taxed against the unsuccessful litigant. They are agreements to pay penalties, tend to oppression of the debtor and to encourage litigation."

It is sometimes difficult to determine whether a particular case is within the general doctrine or fairly an exception to it ; but it is a safe position that comity

should not nor does it require a contract made in one State, to be enforced by the courts of another State that treat a similar one as absolutely void because it is an agreement to pay a penalty, tends to oppress the debtor and encourage litigation.

In our opinion the stipulation in question is not enforcible in this State, but for errors indicated the judgment is reversed for a new trial consistent with this opinion.