232          KENTUCKY REPORTS.          [Vol. 106

Kentucky Trust Co., Trustee v. Third Natl. Bank of Louisville, &c.

CASE 24—ACTION TO FORECLOSE MORTGAGE—MARCH 17.

# Kentucky Trust Company, Trustee v. Third National Bank of Louisville, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

CONTRACTS—PUBLIC POLICY—AGREEMENT FOR ATTORNEY'S FEE.—A stipulation in a mortgage to a trustee to secure bondholders, for a reasonable attorney's fee to the trustee and compensation to the trustee, if the lien should be enforced is against public policy and void.

FONTAINE T. FOX FOR THE APPELLANT.

The agreement by the obligor, embraced in this deed of trust for the appellant of a reasonable attorney's fee and compensation to the trustee, is neither usurious nor against public policy. Newport & Cin. Br. Co. v. Douglass, &c., 12 Bush, 721; Clark v. Anderson, 13 Bush, 116; Lawson's Rights, &c., vol. 5, secs. 2448, 2458, 2392, 2447; Idem, vol. 4, sec. 2032; Flint on Trusts & Trustees, sec. 342; Witherspoon v. Musselman, 14 Bush, 214; Greenhood on Public Policy, p. 21; 18 Ohio St., 190, 204; Perley on Interest, p. 207.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

On December 27, 1895, John E. Carpenter executed to appellant a deed of mortgage as trustee for the bondholders to secure bonds to the amount of $5,000. It was stipulated in the mortgage that in case of the sale of the property under the lien retained in it, appellant should pay out of the proceeds all such sums as it might have been necessary to pay counsel in that behalf, and a reasonable compensation for its services as trustee. On April 22, 1897, appellant filed suit as trustee to foreclose the mortgage, making defendants to the petition the mortgagor and the appellee and others who were subsequent lienholders.

The case being prepared for trial, the court gave judgment for the foreclosure of the mortgage lien, but declined to allow anything to appellant for its counsel's fee in the action, or its own services as trustee in bringing the suit; and of this it now complains by this appeal.

It is well settled in this State that a stipulation in contract that the obligor will pay the obligee's attorney's fees in case the suit is brought upon it is contrary to the policy of our laws, and not enforceable. Thomasson v. Townsend, 10 Bush, 114; Gaar, &c. v. Louisville Banking Co., 11 Bush, 180, [21 Am. Rep., 209]; Rilling v. Thompson, 12 Bush, 310; Witherspoon v. Musselman, 14 Bush, 214, [29 Am. Rep., 404]; Pryse v. The People's Building, Loan and Savings Association, 19 Ky. L. R., 752, [41 S. W. 574].

It is insisted by counsel that this rule is unsound, and should not be adhered to; but we think it has been so long settled that the question is no longer open. It is also insisted that the rule should not apply to a suit by a trustee to foreclose a mortgage given to secure the holders of the bonds therein provided for.

We can not see that the intervention of a trustee changes the legal effect of the transaction. The trustee is permitted to sue in his own name; but the bondholders also have a right to sue, and we think the rule should be the same when the suit is brought by the trustee as when it is brought by the bondholders. A distinction, if made, would simply destroy the rule altogether; for, if it were allowed, trustees would be named in all cases, in order to secure the payment of the attorney's fee. The trustee is entitled to his counsel fee necessarily expended in the execution of his trust out of the trust fund; and this charge should be paid here out of the money adjudged the trustee by the judg-

ment complained of.  The attorney has a lien on the judgment for his reasonable fee.  While in name the attorney of the trustee, he is really the attorney of the bondholders represented by it, and his lien can not be extended beyond the recovery in the action.  The intervention of a trustee appears to have been resorted to largely to avoid the rule forbidding the payment of attorney's fees out of the mortgaged property on foreclosure over and above the debt secured by the mortgage; and whether intended for this purpose or not, we do not think it should be allowed to have this effect.  It does not appear that the trustee did anything but allow the use of its name as plaintiff in this action, which might have been brought equally as well in the name of the bondholders themselves.

Judgment affirmed.