CASE 36—ACTION TO RECOVER USURY PAID—OCT. 19.

## Fidelity Trust & Safety Vault Co. v. Ryan, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

USURY—ASSIGNMENT OF CLAIM—PARTIES TO ACTION—PAYMENT OF USURY UNDER FORM OF ATTORNEY'S FEE.

Held: 1. The assignee of a claim for usury paid may maintain an action thereon without joining the assignor.

2. In an action by a married woman, an amended petition, the body

Fidelity Trust & Safety Vault Co. v. Ryan, &c.

of which named the husband as a co-plaintiff, made him a party to the proceeding, though his name was not inserted in the caption.

3. An attorney's fee paid to a creditor, in addition to legal interest, as a consideration for forbearance in the collection of a judgment, may be recovered as usury paid.

HELM, BRUCE & HELM, ATTORNEYS FOR APPELLANT.

1. The question of practice is, whether C. H. Ryan has been properly made a co-plaintiff. If he has not then the judgment is erroneous.

2. The contract to pay the attorney's fee of $300 is in no sense usurious.

3. The cause of action, if any, for the recovery of the $300, arose immediately upon the execution of the contract, which was in January, 1891, and the suit was not brought until May 6, 1896, and it is barred by limitation. Garr v. Lou. Banking Co., 11 Bush, 182; Witherspoon v. Musselman, 14 Bush, 214; Waters v. Blevins, 3d Reporter, 386.

MARMADUKE B. BOWDEN, ATTORNEY FOR APPELLEE.

1. The evidence in this case shows conclusively, that the contract to pay $300 as attorney's fees for delay in the enforcement of a judgment, was usurious.

2. It was not necessary that the petition should show, affirmatively, that the usurious interest was paid within a year prior to the institution of the suit. The petition does not show that more than a year had passed since its payment.

3. The $300 attorney's fee was not paid until the confirmation of the sale on February 22, 1896, less than a year before the filing of this suit.

4. At no time prior to the payment in full on February 22, 1896, of appellants debt, could either of appellees have sued to recover either the $410.12 or the $300: their cause of action accrued on that day. Ky. Stats., secs. 2128, 2219, sub-sec. 1; Breckinridge v. Churchill, 3 J. J. Mar., 11; Albany v. Abbott, 61 N. H., 157; Rankin v. Turney, 2 Bush, 555; Board v. Jolly, 5 Bush, 86; Noland v. Smith, 11 Ky. Law Rep., 304; Bank of Russellville v. Coke, 20 Ky. Law Rep., 291; Thomasson v. Townsend, 10 Bush, 114; Toole v. Stephens, 4 Leigh, (Va.) 581; Rosa v. Doggette, 8 Neb., 48; Pearce v. Hendrix, 3 Litt., 112; 3 Am. & Eng. Ency. of Law, 720; Story's Eq. Jurisprudence, secs. 67, 300, 301, 302; Thompson v. Ware, 8 B. Mon., 26; Moran v. Woodyard, 8 B. Mon., 537; Scott v. Shropshire, 2 Duv., 153; Sherley v. Trabue, 85 Ky., 71.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The original petition in this case was filed on the 6th day of May, 1896, by appellee, Katie G. Ryan. She alleged that on the 7th day of May 1888, her husband, C. H. Ryan, borrowed from appellant $10,000, and executed his notes therefor, with interest at 6 per cent. from date; that these notes were secured by a mortgage on several tracts of land situated in Logan county, Ky., part of which belonged to her and part to her husband; that appellant, at the date of the transaction, deducted and retained $410.12 of the money so borrowed, and actually paid over to her husband $9,589.88; that the difference was usury charged on the loan in addition to the 6 per cent. stipulated for in the written agreement; and it is claimed that this amount, with interest, should be refunded. She further alleges that in December, 1890, the debt having become collectible through default in the payment of interest, appellant brought suit upon the notes and mortgages on the 16th day of January, recovering a judgment for the full amount thereof, with interest at the legal rate, and for an order enforcing the mortgage lien by a sale of the property. It is further alleged that C. H. Ryan had, by an instrument in writing, which was duly acknowledged before the county court clerk, assigned his right to sue for and recover the usury embraced in this transaction to the appellee.

Appellant in the court below made the point that the husband of appellee was a necessary party to the proceeding, and that the claim sued for was not assignable, so as to vest a right of action in the assignee. Subsequently an amended petition was filed, making C. H. Ryan a co-plaintiff, but his name was not inserted in the caption of the amended petition. On the 2d day of January, 1897, appel-

lee filed another amended petition, in which it is alleged "that after the entry of the judgment, on the 16th day of January, 1891, appellant agreed with her husband that, if he would pay the overdue interest, cost of the action, and a fee of $300 to their attorney, they would suspend the execution of the judgment for a period of six months from the 27th day of November, 1890, upon the prompt payment of the interest on the amount of the judgment at the rate of 6 per cent. per annum, until such time as the mortgage itself would have matured had no judgment been rendered and no default occurred in the payment of the interest on the said mortgage debts; that her husband, pursuant to this agreement, paid the overdue interest, cost of the suit, and three hundred dollars attorney's fee, in order to secure from appellant the forbearance in the collection of the amount due upon the judgment."

It is averred that the payment of this $300 fee was in addition to the interest paid by Ryan at 6 per cent. upon the judgment, and that it was usurious, and that she ought to recover that amount in addition to the $410.12 originally sued for. The circuit judge rendered judgment for the full amount of both sums, with interest, which we are asked to reverse.

The first point relied on is that the claim for usury is not assignable so as to vest the right of action in the assignee, and that C. H. Ryan was never properly made a party to the proceeding. This point was made in Breckinridge v. Churchill, 3 J. J. Marsh., 11, and in the opinion delivered by Judge Robertson it was held that the right to reclaim usury was assignable in equity. And we think the appellee could have maintained the action in her own name, on the written transfer made to her by her husband, without making him a party to the proceeding at all. But we think that he was

by the first amended petition properly made a party to the proceeding. It was not necessary to have inserted his name in the caption of the amended petition. Besides, he has given his deposition in the proceeding, in which he testifies that he had united with appellee in the prosecution of the suit.

The next point relied on is that the agreement of January, 1891, under which Ryan paid the $300 attorney's fee, is not usurious; that, if the payment of this fee was illegal, it was not because it was usury, but because it was against public policy; that the right of action to sue for this sum arose immediately on the payment thereof in January, 1891; and as the suit was not brought until May, 1896, and the amended petition setting up this claim was not filed until January 2, 1897, it was barred by limitation, which is pleaded and relied upon. To support this contention, we are referred to the cases of Gaar v. Banking Co., 11 Bush, 182, and Witherspoon v. Musselman, 14 Bush, 214. In the case of Gaar v. Banking Co., it was claimed that, as the bill was to bear 10 per cent. interest after maturity, and that, in addition thereto, the bank took their obligation to pay an attorney's fee in event suit was brought on the note, the bank contracted for a rate of interest exceeding 10 per cent., and thereby forfeited all right to any interest under the statute then in force, authorizing interest to be charged at the rate of 10 per cent. It was held in that case that the agreement was to pay a penalty in default of payment —principal and interest before suit; that the contract might have been discharged, according to its terms, at any time before the suit was commenced by the payment of the principal and the lawful interest; and that the forfeiture denounced by the statute was not incurred. In Witherspoon v. Musselman it was held that an agreement in a

note to pay a reasonable attorney's fee for collection by suit was not enforceable, because it was contrary to the policy of our laws, which prescribe the amount of attorney's fees that could be taxed against an unsuccessful litigant.

In the case of Thomasson v. Townsend, 10 Bush, 114, which was an action on a note secured by a mortgage, "in which it was stipulated that, if the mortgage had to be foreclosed, the borrower should pay all of the cost, including a reasonable attorney's fee," it was held that such an agreement was against public policy, and would not be enforced by the courts, if resisted by the defendant; and that, where they were to secure the payment of money, they would be relieved against upon a payment of the principal and lawful interest of the debt—referring to 1 Ch. Rep., 39, and Story Eq. Jur., 1314. There is no conflict in the conclusions reached in these opinions. The $300 attorney's fee was paid to appellant as a consideration for forbearance on its part in the collection of its judgment for a period of six months, and for certain definite periods thereafter, if the maturing interest was promptly paid. This agreement is a contract for the continued use of money due to the appellant, and clearly covered by section 2219 of the Kentucky Statutes, and appellant was entitled to a judgment therefor.

Judgment affirmed.