CASE 80—ACTION BY BEATTYVILLE BANK AGAINST T. T. ROBERTS AND
OTHERS ON A PROMISSORY NOTE.—FEB. 23.

# Beattyville Bank v. Roberts, &c.

APPEAL FROM LEE CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

NOTE—FAILURE OF CONSIDERATION—BONA FIDE HOLDER—RENEWAL—
EVIDENCE—PAROL AGREEMENT.

Held:    1. Under Kentucky Statutes, 1903, section 483, placing a
note made payable at a bank, and which had been discounted
at a bank, on the same footing with foreign bills of exchange,
failure of consideration is not available as a defense to a note,
if purchased in good faith by a bank without notice of the in-
firmity.

2. In an action by an indorsee on a note given for whisky, evidence
of a contemporaneous parol agreement that the whisky should
be paid for only as delivered is inadmissible.

3. Notice to a bona fide holder of a note that it was without con-
sideration does not affect his right to recover on a renewal note
afterwards given by the maker for a balance due the payee.

JOHN J. McHENRY, AND GOURLEY & ROBERTS, FOR APPELLANTS.

The note sued on was executed by T. T. Roberts and Ibby
Roberts to J. W. Slack & Co. for $546 dated March 25, 1902,
due four months after date with interest from maturity, and
was made negotiable and payable at the Beattyville bank and
was discounted in said bank in the usual course of business
before maturity.

The defendants, T. T. and Ibby Roberts, plead that the note
was executed without consideration and that the bank had no-
tice thereof at the time and before it discounted the note.    Upon
this plea, which was controverted by the bank, the burden was
on the appellees to prove both the notice and the want of
consideration.

1. We insist that under the evidence in the case the ver-
dict of the jury finding for the appellees (1) was flagrantly

against the evidence (2) was contrary to law and (3) was evidently given under the influence of passion and prejudice.

2. This note is upon the footing of a foreign bill of exchange, and there was no notice whatever to the bank before discounting it, and under the law there is no question of the liability of the payors to the bank which discounted it without notice of any such infirmity.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 483, 474; Bank v. Letcher, 3 J. J. Mar., 196; Stratton v. McMakin, 8 Ky. Law Rep., 766; Montague v. Bell, 14 Ky. Law Rep., 890; Spencer v. Louisville Banking Co., 4 Ky. Law Rep., 997; Peter v. Beverly, 35 U. S., 532.

S. P. STAMPER AND O. H. POLLARD, FOR APPELLEE.

It is shown by the evidence that J. W. Slack, of Louisville, Kentucky, first sold to the appellant, bank, a note for $686 on appellees, T. T. and Ibby Roberts, and when notice thereof was sent to T. T. Roberts he states that he became angry and went to the bank and told them to send that note to Slack, and for the bank not to take any more of said notes because they were bogus notes and executed without consideration, and were not to be paid unless he got the whisky. It is true that Mr. Goodloe, the cashier of the bank, attempts to deny this conversation, but we insist that the circumstances show that it is true. According to Mr. Goodloe's own statement, he sent this first note back to Slack & Co., and received from Slack the $546 note sued on in place thereof, and knowing, as he did, that this note was without consideration, and that Slack & Co. had failed, he appropriates the payment of this note on the deposit account of T. T. Roberts without a moment's warning, admitting that Roberts at that time had a deposit of about $700 in said bank.

Now, we submit that under this evidence where the evidence of notice is conflicting the jury whose province it is to pass upon the facts, having found for appellees, their verdict should not be disturbed.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This action was instituted by the Beattyville Bank, of Beattyville, Ky., against T. T. Roberts, Ibby Roberts and the

J. W. Slack Company, on a promissory note dated March 25, 1902, payable four months after date, for $546, the note being signed by T. T. and Ibby Roberts, and endorsed by the the J. W. Slack Company,    The defendants T. T. and Ibby Roberts in their answer plead that the note was executed by them to their co-defendants, the J. W. Slack Company, without consideration, and that the plaintiff was apprised of this fact before it purchased the note. · Plaintiff, for reply, denied that the note was executed without consideration, or that they were apprised of this fact before its purchase by them, or that there was no consideration to support it. A jury trial resulted in a verdict and judgment for the defendants, and plaintiff has appealed.

The facts developed by the testimony are as follows:  On the 22d of November, 1901, T. T. Roberts and Ibby Roberts executed and delivered to the J. W. Slack Company, of Louisville, Ky., the following promissory note:  "686.00. Beattyville, Ky., Nov. 22, 1901.  Four months after date we promise to pay to the order of John W. Slack Co., distillers of Louisville, Ky., $686.00, without defalcation, value received, negotiable and payable at the Beattyville Bank, Beattyville, Ky.  (Signed)   T. T. Roberts, Ibby Roberts."  Simultaneously with the execution of this note, the J. W. Slack Company executed and delivered to T. T. Roberts the following written agreement:  "We have this day sold to T. T. Roberts fifteen barrels of ninety-eight whisky, and twenty barrels new, for which he gives me his four months note, dated November 22, 1901, for $686.00.  If Mr. Roberts should die, we agree to take back the whisky at what it was sold to him.  J. W. Slack Company, By J. W. Slack, President."  Before the maturity of this note, the J. W. Slack Company, by J. W. Slack, indorsed and delivered it for value to the

appellant, the Beattyville Bank, of Beattyville, Ky. At the maturity of the note the bank gave notice thereof, and demanded its payment both from appellees and the J. W. Slack Company.

Upon the trial T. T. Roberts testified that he did not know that the bank held the note until he received this notice, and that he immediately went to the bank and notified R. N. Goodloe, its cashier, that he had a contemporaneous parol agreement with the J. W. Slack Company that he was only to pay for the whisky as it was delivered to him, and that he had already paid to them $140 for whisky delivered, which should be credited upon the obligation; and that he directed him to return the note to the J. W. Slack Company, and not to purchase any more of his notes executed to the company, and at the same time explained to him the conditions of the written agreement of the Slack Company to him; that a few days after his conversation with Goodloe he received a letter from the Slack Company, inclosing the $686 note, dated November 22, 1901, and the note sued on for $546, which he executed in renewal of the balance due upon his original obligation, which reads as follows: "546.00. Beattyville, Ky., March 25, 1902. Four months after date we promise to pay to the order of John W. Slack Co., inc. distillers, of Louisville, Ky., $546.00, without defalcation value received, negotiable and payable at the Beattyville Bank, Beattyville, Ky., T. T. Roberts, and Mrs. Ibby Roberts." That after the execution of the last named note the Slack Company failed in business, and that he never received any more of the whisky from them; that Slack represented at the date of the execution of the note that the whisky was in bond in his warehouse in Louisville, but that he did not give him any

warehouse receipt therefor; that he simply took his word that the whisky was there; that he usually ordered two barrels at a time, and paid for it when it came; that he was induced to buy 35 barrels by the Slack Company agreeing to abate from the price 25 cents a gallon below their ordinary charges. Both the vice president of the bank and the cashier testified that the bank acquired the original note for $686 in due course of business, for value, without notice of any lack of consideration for its execution, and that when it fell due both Roberts and the Slack Company were notified thereof by mail; that a day or two afterwards he met T. T. Roberts on the bridge, and Roberts requested him to send the note to the Slack Company, and offered to show him the written contract executed by the Slack Company to him; that he did not read it, but Roberts explained its contents; that he sent the note to the Slack Company, and shortly thereafter he received a check for $140, and the note sued on, in renewal of the balance of the original note. He denied that Roberts notified him not to take any more of his notes, or informed him that they were executed without consideration at the date of his conversation on the bridge with reference to the original note; but said that the first time he ever heard of this claim was after the publication in a paper that Slack & Co., was broke, when Roberts came to the bank for the first time, claiming that he had notified him, when the first note fell due, not to buy any more of his notes.

The partial or total failure of consideration, or fraud, in the execution of a note made payable and negotiable at an incorporated bank, which has been discounted before maturity by a bank of this Commonwealth or organized under the laws of the United States, is not available as a de-

fense to it, if purchased in good faith by the bank without notice of such infirmity. See section 483, Ky. St., 1903. Kelly v. Smith, 58 Ky., 313; Hargis v. Louisville Trust Co. (17 R., 218) 30 S. W., 877; Moreland's Assignee v. Citizens' Savings Bank, 97 Ky., 211, 17 R., 88, 30 S. W., 637; Clark v. Tanner, 100 Ky., 275, 19 R., 590, 38 S. W., 11.

There is nothing in the written contract relied on by appellee which suggests any lack of consideration for the execution of the original note; it was simply an agreement on the part of the Slack Company to buy back the whisky in the event of the death of appellee. As he was alive at the date of the maturity of the note, he certainly could not rely upon this agreement to defeat recovery; and there was no claim by appellee that appellant had notice of his alleged contemporaneous parol agreement with the Slack Company that he was only to pay for the whisky as delivered, previous to or at the time of the purchase by them of the original obligation of November 22, 1901. The law presumes a consideration for the execution of bills of exchange, and negotiable notes placed upon the footing of bills of exchange by the statute, for the benefit of the holder, in an action against the maker or indorser of such paper. Besides, it was not competent for appellee to impeach his written contract by testimony of a contemporaneous parol agreement providing for a different time and manner of payment. The note sued on was simply the renewal of the balance due upon the original obligation, which appellant had purchased in due course of business without notice. It was not a new transaction. Even if it be conceded that appellee notified appellant's cashier, at the time he was called upon to pay the original obligation, of his parol agreement with the Slack Company that he was only to pay for the whisky as it was delivered, and that the original note was without consid-

eration, this would not have been sufficient to impeach the consideration of a note, subsequently executed by him to the Slack Company for the balance due, in the hands of an innocent purchaser for value.

We have reached the conclusion that there was no competent testimony to support the plea of no consideration relied on to defeat recovery, and that the trial court should have given the jury a peremptory instruction to find for the plaintiff. The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.