**CENTRAL KENTUCKY PRODUCTION CREDIT ASSOCIATION, Movant,**

v.

**Phyllis Kate SMITH, Executrix of Estate of Francis S. Smith (deceased) and Gertrude Smith; and H. Patricia Levings, Respondents.**

Supreme Court of Kentucky.

May 25, 1982.

John G. Atchison, Jr., Ray A. Webb, Gess, Mattingly, Saunier & Atchison, Lexington, for movant.

James E. Thompson, Burnam & Thompson, P. S. C., Richmond, for respondents Francis S. Smith & Gertrude Smith.

Ann Render, Lexington, for respondent H. Patricia Levings.

William R. Mapother, C. Joseph Greene, Mapother & Mapother, Louisville, amicus curiae for First Nat. Bank of Louisville.

Gross C. Lindsay, Trimble & Lindsay, Henderson, amicus curiae for Kentucky Sav. and Loan League, Inc.

M. Brooks Senn, Louisville, amicus curiae for Kentucky Bankers Ass'n.

STEPHENSON, Justice.

The trial court held that KRS 453.250, providing for allowance of attorney fees, was not applicable to the note and mortgage here executed and delivered prior to the effective date of the statute. The Court of Appeals affirmed. We granted discretionary review and reverse.

This issue is presented to us as a result of the General Assembly's enacting KRS 453.-250 which became effective July 15, 1980. Kentucky Acts 1980, Chapter 169, p. 422, contains HB 449, "An Act relating to Debt Collecting Expenses." Section 1, a new section of KRS Chapter 453, is created to read as follows:

"Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fee shall be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employee of such creditor, obligor or lienholder."

Prior to the enactment of this legislation, Levings purchased a tract of land from the Smiths. This purchase was financed by a loan from the Central Kentucky Production Credit Association. This loan was evidenced by two promissory notes executed by Levings and secured by a mortgage. The promissory notes contained the following provision:

"On demand, for value received, the undersigned (jointly and severally, if more than one) promises to pay to the order of Central Kentucky Production Credit Association ... the sum of (principal

amount) . . . together with reasonable attorneys' fees and costs of the collection . . . ."

The mortgage contained a similar provision, which follows:

"All sums so advanced by the Mortgagee shall become a part of the indebtedness secured hereby . . . . Such sums may include, but are not limited to, . . . all costs, expenses and attorneys' fees permitted by law incurred by the Mortgagee in respect of . . . all legal or equitable proceedings which relate to this Mortgage or to the Mortgaged Premises."

Levings defaulted on the note and suit was filed to collect the note and foreclose the mortgage. Central Kentucky Production Credit Association claimed an attorney fee in accordance with the terms of the note and mortgage. On December 16, 1980, the trial court entered judgment in favor of Central Kentucky Production Credit Association for the unpaid principal with accrued interest. The trial court in order and judgment held that the Association is not entitled to recover an attorney fee as claimed, since the note and mortgage were executed and delivered prior to the effective date of KRS 453.250.

The Court of Appeals affirmed on the ground that to permit the Association to recover attorney fees would apply the statute retroactively in violation of KRS 446.-080 which provides that no statute shall be construed to be retroactive unless expressly so declared.

We are of the opinion that the arguments as to whether there should be retroactive or prospective application of the statute are irrelevant. KRS 446.080 simply has no application here.

For many years contractual provisions for the allowance of attorney fees have been unenforceable as against public policy. *Fidelity Trust & Safety-Vault Co. v. Ryan*, 109 Ky. 240, 58 S.W. 610 (1900).

The General Assembly has removed the prohibition against allowance of attorney fees in the limited situations contained in KRS 453.250.

The title of the bill refers to "debt collecting expenses." There is some significance to the General Assembly's assigning the new Act to Chapter 453, which relates to "costs."

We are of the further opinion that KRS 453.250 is remedial in nature and thus the controlling date for the application of the statute is the date of judgment and not the date of the execution of the instrument.

No contract rights of the parties have been impaired. On the contrary a public policy bar to enforcement of the express terms of the writing has been removed.

A remedy has been enlarged by legislative enactment, and we have no alternative save to enforce the clear intent of the legislature.

Whether the attorney fees to be allowed are costs or not, they are in the nature of costs and the reasonableness of the amounts are determined by the trial court. We view our position in this matter to be in line with the majority of jurisdictions. For discussions of analogous fact situations see 90 A.L.R. 538, 539 and 96 A.L.R. 1436, 1437.

"The law as it exists at the time of the judgment which terminates the action—the time at which the right to have costs taxed accrues—rather than the law as it existed at the time when the action was commenced, generally governs the question whether costs may be allowed in an action, as well as the determination of the method of their computation. Consequently, statutes either increasing or decreasing allowable costs, including attorneys' fees, are consistently applied to litigation pending when such statutes become effective, unless a contrary intent clearly appears from the statute." 20 Am.Jur.2d, Costs, Sec. 8, p. 6.

Accordingly the decision of the Court of Appeals and the judgment of the trial court are reversed with directions to enter a judgment in conformity with this opinion.

PALMORE, C. J., and AKER and STERNBERG, JJ., concur.

O'HARA and STEPHENS, JJ., dissent.

CLAYTON, J., not sitting.

 

O'HARA, Justice, dissenting.

I am compelled to dissent from the majority opinion for two reasons. One is that the majority has in the course of its opinion given retroactive application to a statute passed by the legislature that contained no retroactive language. We are all aware of the fact that the legislature is charged with the knowledge of its own legislation and, if it had chosen in this case to pass the statute with retroactive application, it merely had to add those words to the legislative enactment. KRS 446.080(3) states that:

"No statute shall be construed to be retroactive unless expressly so declared."

This language is clear, unambiguous and is itself sufficient to clearly indicate the legislative intent to be contrary to that expressed in the majority opinion.

Finally, aside from the semantical interpretation of equating in legal language "costs" and "attorneys fees," it is my opinion that the retroactive applicability erroneously given by the majority in this case may possibly subject innocent members of the practicing bar to claims of malpractice for correctly advising their clients under a law which is then retroactively changed with no recourse to the lawyer to correct his prior advice.

For these reasons, I am dissenting, and I am authorized to state STEPHENS, J. joins me in this dissent.