We consider that if the court in charging as it did was in error, it committed error prejudicial to the state and not to plaintiff in error.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

---

SWING *v.* SWING ET AL.

*Foreclosure—Allowance of fees to counsel for mortgagee not authorized—Partition.*

Court is unauthorized to allow fees to counsel of mortgagee, when property is sold in foreclosure.

(Decided November 30, 1925.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Richard C. Swing,* for plaintiff.
*Messrs. Jones & Pfau,* and *Mr. Froome Morris,* for defendant Miami Savings & Loan Co.

BY THE COURT. The action in the court of common pleas was for partition. All necessary parties were brought in by the attorneys for the plaintiff.

The Miami Savings & Loan Company, a corporation, filed an answer and cross-petition, praying for judgment, and joining in the prayer of the petition.

On December 1, 1924, the court of common pleas rendered a decree foreclosing the equity of redemption in the mortgage against Frederick C. Swing and Nellie C. Swing, and directing that:

"They shall within 5 days from the entering of this decree, pay or cause to be paid to the clerk of this court costs, * * * and to the Miami Savings & Loan Company the sum of $4,021.23, and that an order issue to the sheriff of Hamilton county, directing him to appraise, advertise, and sell the premises, as upon execution."

The property was sold under this order of court. No order of partition was ever issued, and, in fact, the partition of the property was abandoned.

A court is not authorized to allow fees to counsel of a mortgagee, when the property is sold in foreclosure.

The same decree will be entered here as in the court below.

*Decree of foreclosure.*

BUCHWALTER, P. J., HAMILTON and CUSHING, JJ., concur.