## No. 483

## COLUMBIA LIFE INS. CO. v. GITHENS

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 75. Decided March 14, 1927

114. ATTORNEYS' FEES—Public Policy —Where assignment of life insurance policy to company as security for loan might be considered as being sufficiently comprehensive as to include attorneys' fees for foreclosure of a mortgage also given to secure the loan, such stipulation would be contrary to public policy and void.

BY THE COURT.

Clarence Githens brought suit against the Columbia Life Insurance Co. in the Montgom-

ery Common Pleas upon a certain policy which had matured. The only controversy is as to $350 which the company seeks to deduct from the amount of said insurance by reason of expenses for attorney's fees in the foreclosure of a certain mortgage given by the beneficiary of the policy to the Company to secure a loan.

There was no provision in either the note or the mortgage for the payment of attorneys fees and none were actually allowed in the foreclosure case. It appears however, that the policy had been pledged as further security for the mortgage debt and that the assignment of the policy provides that if Githens shall pay the note and save the Company harmless from any loss, then the assignment shall be void, otherwise to remain in full force and effect. The lower court did not allow the attorney's fees and upon prosecution of error, the Court of Appeals held:

1. It is claimed that under the assignment the Company was authorized to deduct from the amount realized from the foreclosure, the attorneys fees incurred in the suit.

2. It must be kept in mind that the action in which the attorney's fees were incurred, was not an action against a stranger; but one against the parties interested in the insurance policy.

3. A stipulation for payment of attorney's fees in promissory notes in case the principal and interest be not paid at maturity, is contrary to public policy and void. Miller v. Kyle, 85 OS. 186.

4. So even though the assignment of the insurance policy was sufficiently comprehensive in its terms to include attorneys fees in the foreclosure suit, such stipulation would be contrary to public policy and void.

Judgment therefore affirmed.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—Marshall & Harlan for Company; Joseph D. Chamberlain for Githens; all of Dayton.