In re Leonard M. BERTSCH aka Leonard Marcus Bertsch and Margaret R. Bertsch, aka Margaret Ruth Bertsch, Debtors.

Bankruptcy No. 580–1714.

United States Bankruptcy Court, N. D. Ohio.

Jan. 27, 1982.

Ralph J. Rosenthal, Cleveland, Ohio, for Ohio Sav. Assn.

David P. Bertsch, Akron, Ohio, for debtors.

## FINDING AS TO ALLOWANCE OF CLAIM OF OHIO SAVINGS ASSOCIATION

H. F. WHITE, Bankruptcy Judge.

In accordance with the pre-trial conference held upon the rehearing on the Debtor's amended objection to the claim of Ohio Savings Association, counsel for both parties agreed to the following Finding of Facts and to submit same for the Court's decision.

### FINDING OF FACTS

1. Debtor prior to and in early 1979 had become delinquent on several occasions on the mortgage payments. However, late in 1979, debtor became delinquent again. Only late charges were assessed in 1979. Ohio Savings assessed a 2 percent interest charge over and above the original interest rate, as provided for by the note and mortgage, effective as of February 1, 1980.

2. The debtor made no payment on the said mortgage between February 1980 up to and including October 30, 1980, the date of the filing of the Chapter 13 proceedings.

3. Ohio Savings filed a foreclosure suit in the Common Pleas Court of Summit County on May 14, 1980 in which it requested foreclosure of the property and that it be paid the accelerated rate of interest of 2 percent as provided for by the note and mortgage.

4. The Chapter 13 Plan did provide for the curing of the delinquency inside the Plan and for making current mortgage payments outside the Plan.

5. On December 10, 1980, Ralph J. Rosenthal, Assistant Secretary of The Ohio Savings Association filed an acceptance of the Plan and subsequently on May 29, 1981 filed an amendment to said claim. The second claim was for the amount of the delinquency in the sum of $3,716.58.

6. Subsequently, after the filing of the Chapter 13 proceedings due to a change in the domestic relationship between the debtor and his wife, the real estate in question was sold and the creditor's mortgage was paid in full, including the interest, late charges, and expenses of the foreclosure to which assessments the Debtors objected. The payment of the assessments for interest, late charges, and expenses of foreclosure was not intended to act as a waiver of the Debtors' objections thereto. Under the provisions of the Chapter 13, the delinquency had not been fully satisfied as provided for by the Plan at the time of the sale of the property.

7. The claim of expenses by Ohio Savings Association was incurred in the foreclosure suit as the Court of Common Pleas of Summit County requires the filing of a title report as a condition for filing the foreclosure suit. The cost of the title report is $175.00 and was paid by Ohio Savings Association. There were also court costs incurred for the filing of the law suit in the amount of $40.04. The creditor also

claims sheriff's fees and advertising fees for the foreclosure suit of $174.10.

8. Both parties agree that the Court may determine whether or not attorney fees are includable in the creditor's claim, however, they leave to a subsequent date, if necessary, the determination of the amount and reasonableness of any such fees which were incurred by outside counsel for the bank in the foreclosure proceedings.

## ISSUES

There are two issues involved in the matter. (1.) Whether the bank by accelerating the interest rate and the filing of the foreclosure suit prior to the filing of the Plan of Arrangement is entitled to be paid the accelerated rate of interest, even though the bank did accept the Plan of Arrangement which would have cured the default and (2.) whether the bank is allowed to include in the amended claim, that it wishes to have paid within the Chapter 13 proceeding, title costs, attorney fees, Common Pleas Court costs, and sheriff's expenses as part of the allowable expenses of the foreclosure suit filed prior to the Debtors' Plan of Arrangement under 11 U.S.C. Chapter 13.

## LAW

This matter involves a claim submitted by Ohio Savings Association in this Chapter 13 proceeding for arrearages on a mortgage and note, for accelerated interest, and for foreclosure expenses. The question of the accelerated interest arose at this time as the real property of the debtors was sold and out of the proceeds of the sale of real estate, Ohio Savings Association did demand and receive and is holding the funds in dispute.

An objection to the claim of Ohio Savings Association was filed by the Debtors, Leonard M. Bertsch and Margaret R. Bertsch, and the claim was disallowed because it included accelerated interest and foreclosure expenses, except as to the amount of $40.00 representing court costs in the foreclosure action. A rehearing was requested by Ohio Savings Association and both parties agreed to submit the dispute on an agreed Finding of Facts.

Debtors base their objection to the imposition of late charges and default interest on the provisions of their Chapter 13 Plan. It is argued that the Plan proposed to cure the default by paying to Ohio Savings Association the aggregate amount of delinquent mortgage payments, as well as continuing to pay to said creditor the monthly installment payments as they fell due under the contract. Due to the provisions for the curing of the delinquency under the Plan, it is argued, no basis exists for the imposition of default interest charges.

Ohio Savings Association, however, asserts that the Plan, as filed, did not cure the default in the manner proposed as following delinquencies and non-payments by the Debtors, Ohio Savings Association had accelerated the terms of the mortgage and note. Thus, Debtors would have to pay the entire amount of the accelerated interest through the Plan rather than just the arrearages in monthly installments to cure the default.

■ Whether a mortgage which has been accelerated may be cured solely by satisfaction of the outstanding arrearages or whether the entire debt, as accelerated, must be paid within the terms of a Chapter 13 plan is an issue which has been addressed by several bankruptcy courts recently, including a court of this district. See *In Re Allen*, 17 B.R. 119 (Bkrtcy.N.D.Ohio 1981). The decision of the various courts have varied, as is apparent from the Memorandum submitted herein on the issue by Debtors.

The Court will not decide that issue in the present case as the issue has not been properly raised by Ohio Savings Association. It is evident from the Plan proposed by Debtors that Debtors did not propose to pay the entire amount of the accelerated note during the three-year term of the Plan. Instead, the arrearages were to be satisfied while Debtors continued to make the current monthly payments.

Despite the terms of the Plan, Ohio Savings Association, on two separate occasions,

filed Proofs of Claim which accepted the Plan, as proposed. On December 10, 1980, said creditor filed a claim in the amount of "$24,106.65 + 10.50% interest from 12/1/80 on $20,883.17" which Proof of Claim accepted the Plan. On May 29, 1981 an Amended Proof of Claim in the amount of $3,716.58 was filed by Ohio Savings Association accepting the Plan.

The Plan as amended on January 29, 1981, without objection by Ohio Savings Association, was confirmed by this Court on September 30, 1981. Accordingly, it is this Court's opinion that Ohio Savings Association waived its right to assert that the Debtors were required to pay the full amount of the note, as accelerated due to the foreclosure case filed by Ohio Savings Association, in order for the default to be cured.

Notwithstanding this, the Court finds that Ohio Savings Association is entitled to the payment of both late charges and default interest on the payments in arrears. Paragraph 2(b) of the Plan, as amended January 29, 1981, provides that:

> 2. From the payment so received, the trustee shall make disbursements as follows: b. After the above payments, dividends to secured creditors whose claims are duly proved and allowed as follows: Debtors will make their monthly payments to secured creditors and will pay all arrearages to any secured creditor within the 3-year term of the plan (11 U.S.C. § 1322(b)(5)).

The Plan is worded in a vague manner. What is meant by the term "arrearages" in Debtors' proposed Plan is not set forth. Thus the contract must be examined in order to determine the extent of this term.

The mortgage note entered into between the Debtors and Ohio Savings Association on January 27, 1977 provides for the repayment of the sum of $21,300 at eight and one half percent interest, which amount was to be repaid in monthly installments of $165.08. It is provided in paragraph 2 of that note that:

> ...If any of the aforesaid monthly installments or any sums required to be paid under the terms of said mortgage securing this note are not paid when due, or within fifteen days thereafter, the holder hereof, at its option, may charge the undersigned a 'late charge', not to exceed eight per cent of each such unpaid monthly installment or sum, to reimburse the holder hereof for the extra expense involved in handling delinquent payments.

And in paragraph 4 it is stated that, upon default in payment for 30 days,

> the entire unpaid principal balance of this note with all accrued interest thereon shall become immediately due and payable, at the option of the holder hereof, and shall thereafter, until this note is paid in full, bear interest at a rate equal to two per cent (2%) higher than the original interest rate set forth above.

When debtors became delinquent in their payments, Ohio Savings Association exercised its contractual rights. It assessed the increased interest rate commencing February 1, 1980. Late charges were also assessed on the monthly default.

In light of the fact that Debtors have not defined the term "arrearages" for purposes of their Plan, this term can only be understood in view of the mortgage and note contracted by the parties. The term arrearages must be read so as to include the late charges and default interest assessed by Ohio Savings Association. Debtors' objection to these items as valid claims is overruled.

 Debtors also objected to Ohio Savings Association's claim for the expenses it incurred in a foreclosure suit instituted by said creditor against Debtors. This Court in an earlier Order disallowed all expenses claimed by Ohio Savings Association other than court costs in the amount of $40.00. Debtors had raised no objection to the allowance of the claim for court costs. The expenses in question are sheriff's fees, the cost of a judicial title report, and attorney's fees.

Debtors object to the allowance of said expenses on the grounds that they were

neither reasonable nor necessary. Additionally, Debtors demanded proof that the expenses were in fact incurred. This Court has found, in Finding of Fact No. 7, that it was necessary for Ohio Savings Association to obtain a title report in order to file its foreclosure action against Debtors. Rule No. 11.01 of the Rules of Practice of the Court of Common Pleas, Summit County requires the attorney for the plaintiff in an action for foreclosure of liens on real property to file with the Clerk of Courts "evidence of the state of the record title of the premises in question". The Court further finds that the paid amount in question—$175.00—is reasonable. Ohio Savings Association's claim for the expense of the title report is therefore allowed.

Debtors' objection to the claim for sheriff's fees is disallowed. Debtors have objected based on the fact that the expenses were incurred with regards to a sale of the real property in question when no valid judgment authorizing sale of the property had been obtained. The issues involved by the attempted sale were raised in a counterclaim filed by Debtors in this Court. This claim was later dismissed by this Court subject to refiling in the Summit County Common Pleas Court. This Court cannot say, based on the record and evidence presented, that this expense was necessary. If Debtors' slander title action is a meritorious claim, then expenses incurred by Ohio Savings Association, such as sheriff's fees, for actions forming the basis for the slander of title action cannot be allowed as a claim against a debtor.

Finally, this Court sustains the objection as to the claim for attorney's fees. It is well settled in Ohio that attorney's fees are not to be awarded to a mortgagee in a foreclosure action. *Coe v. Columbus, Piqua & Indiana Railroad Company*, 10 Ohio St. 372, 373 (1859); *Swing v. Swing*, 24 Ohio App. 464, 158 N.E. 194 (C.A. Hamilton 1925). Stipulations between mortgagors and mortgagees in the mortgage contract for the award of attorney's fees to the mortgagees upon foreclosure are void as against public policy in Ohio. *Leavans v.*

*Bank*, 50 Ohio St. 591, 34 N.E. 1089 (1893); *Columbia Life Insurance Co. v. Githens*, 5 Ohio Law Abs. 413 (C.A. Montgomery 1927).

Therefore, it is the conclusion of this Court, upon the rehearing of Debtors' objection to the claim of Ohio Savings Association, that the claim shall be allowed as to late charges, accelerated (default) interest of 2 percent, court costs of $40.04, and the cost of the title report of $175.00, and disallowed as to sheriff's fees and attorney's fees.