**Larry W. LONGWELL, et al., Plaintiff,**

v.

**BANCO MORTGAGE CO., Defendant.**

**No. C 83–358.**

United States District Court, N.D. Ohio, W.D.

Jan. 17, 1984.

---

## OPINION and ORDER

WALINSKI, District Judge.

This matter is before the Court on appellants' brief in support of their appeal from an order of the bankruptcy court and appellee's response thereto.

Appellants filed a Chapter 13 petition in bankruptcy court on November 18, 1982. On November 19, 1982 the debtors/appellants filed their Chapter 13 Plan which was objected to by the creditor/appellee, Banco Mortgage Company (hereinafter Banco Mortgage). The gravamen of appellee's objection was that the Plan did not provide for expenses and attorney's fees incurred as a result of a foreclosure proceeding filed against the debtors prior to the filing of the debtors' Chapter 13 Petition or for attorney's fees and expenses incurred by Banco Mortgage after the date of debtors' Chapter 13 filing including expenses for attending the January 14, 1983 confirmation hearing.

At the January 14, 1983 confirmation hearing the Bankruptcy Court granted Banco Mortgage's pre and post Chapter 13 attorney's fees as an element for curing debtors' mortgage with that creditor. On January 21, 1983, the plan was confirmed by court order, which was amended on February 23, 1983. Notice of appeal from that amended order was filed by the debtors on March 2, 1983. Appellants raise the following issues on appeal:

1. Whether the Bankruptcy Judge erred by including attorney fees incurred by the creditor, Banco Mortgage Company, as a necessary element of curing the debtors' default of their home mortgage?

2. Whether the Bankruptcy Judge erred in allowing attorney fees to creditor Banco Mortgage Company as a necessary element of curing the debtors' mortgage arrearage without requiring any justification or substantiation as to the reasonableness of said fees which were incurred prior to the filing of debtors' 13 Petition for the purpose of a foreclosure action on property of the debtors?

3. Whether the Bankruptcy Judge erred in allowing attorney fees to creditor Banco Mortgage Company as a necessary element of curing the debtors' mortgage default incurred for services performed after the debtors' Chapter 13 petition had been filed?

(Appellant's Designation of Record and Statement of Issues Pursuant to Federal Rules of Bankruptcy Procedure 806, at 2–3).

In support of their appeal, the appellants argue that as a general rule in Ohio attorney fees for the mortgagee's counsel are not proper costs in a mortgage foreclosure action. (Appellants Brief, at 3). The appellants cite *Coe v. Columbus, P & I RR Co.*, 10 Ohio St. 372, 75 Am.Dec. 518 (1859) and *Swing v. Swing,* 24 Ohio App. 464, 158

N.E. 194 (C.A. Hamilton 1925) as authority for this general rule. *See* 37 O Jur 2d *Mortgages* § 384, at 576 (1959). It is further argued that a stipulation in a mortgage for the award of attorney's fees to the mortgagee upon foreclosure is against public policy and void in Ohio. *See Leavens v. Ohio Nat. Bank*, 50 Ohio St. 591 (1893). Finally, the appellants argue that the foregoing caselaw was followed in a Chapter 13 case entitled *In re Bertsch*, 17 B.R. 284 (Bkrtcy., N.D.Ohio 1982). In *Bertsch* the bankruptcy court did not allow a claim of attorney's fees based upon a factual situation similar to this case on appeal. *Id.* at 288.

This Court, however, does not find the Ohio caselaw or the bankruptcy court decision in *Bertsch* to be persuasive. Under the Bankruptcy Reform Act of 1978, the bankruptcy court need not look to local law in the context of entitlement to attorney's fees.[1] A secured creditor may collect reasonable attorney's fees under Code § 506(b) if the security instrument expressly provides for such fees. *In re Smith*, 4 B.R. 12 (Bkrtcy., E.D.N.Y.1980). The statute in relevant part provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or other charges provided under the agreement under which such claim arose.

11 U.S.C. § 506(b).

■ The uncontroverted record in this appeal indicates that the value of the property is greater than the amount of the claim. At the date of filing the Chapter 13 Petition, the debtors stated that the homestead at issue had a market value of $32,-000.00 and a mortgage debt of $29,584.16.

(Chapter 13 Statement, at 5–A). Banco Mortgage is, therefore, over secured in excess of the attorney's fees approved by the bankruptcy court. This Court interprets 11 U.S.C. § 506(b) to allow the award of attorney's fees and expenses to an oversecured mortgagee upon reinstatement of the terms of a loan. Accordingly, award of attorney's fees and expenses incurred in the filing of the state court foreclosure proceedings and costs in the present proceedings are equitable and reasonable under the Code.

■ The last matter to be addressed by the Court in this appeal is whether the bankruptcy judge erred in allowing attorney's fees to Banco Mortgage without requiring any justification or substantiation as to the reasonableness of those fees. The bankruptcy judge, in conducting a hearing on the confirmation of a Chapter 13 Plan, is the trier of fact and law at that time. The Code vests the bankruptcy judge with discretion to determine the reasonableness of fees and costs at the confirmation hearing. Mechanical failure of the tape recording system prevents this Court from examining the transcript of the court proceeding during which the bankruptcy judge found the attorney's fees in the instant appeal to be reasonable. Upon consideration of the amount of attorney's fees awarded in the amended plan and the status of the foreclosure action in state court, the Court finds that the bankruptcy judge did not err in his finding that the fees are reasonable.

Having found no error in the bankruptcy court's order, for the foregoing reasons, it is

ORDERED that the amended plan as confirmed by court order dated February 23, 1983 is affirmed.

---

**1.** It should be noted that prior to the adoption of the Bankruptcy Reform Act of 1978, a secured creditor's right to claim attorney fees called for in a mortgage instrument, and in-curred in foreclosure proceedings would depend upon local state law. *Security Mortgage Co. v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928).