**In re Irving SCHWARTZ.**

**Bankruptcy No. C–1–87–799.**

United States District Court,
S.D. Ohio, W.D.

June 23, 1988.

Robert Goering, Cincinnati, Ohio, Richard Schwartz, Louisville, Ky., for debtor.

J. Michael Debbeler, Robert Craig, Cincinnati, Ohio, for CFSLA.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon appeal and cross appeal from an order of the Bankruptcy Court on August 11, 1987, 77 B.R. 177. The parties have asserted two issues for determination; 1) whether the Bankruptcy Court erred in ruling that appellant Community Federal Savings and Loan Association (CFSLA) was not entitled to recover attorney fees under 11 U.S.C. § 506(b); and 2) whether the Bankruptcy Court erred in determining that appellant CFSLA was not barred from attorney fees through the doctrine of merger. Appellant CFSLA and appellee—cross appellant Irving Schwartz have filed briefs in support of their respective positions (doc. nos. 2, 3, 4).

The relevant facts are not in dispute. In 1972, appellee Irving Schwartz purchased real estate in Covington, Kentucky for $110,000 secured by a mortgage held by the predecessor of appellant CFSLA. A 500 watt AM radio station, WCLU, was established on this real estate. The assets of the station were owned by WCLU Broadcasting Co. Inc. of which Mr. Schwartz was the sole shareholder. At the time appellee Schwartz filed his chapter 13 petition, appellant CFSLA was the holder of both a promissory note in the principal amount of $110,000 and an open end mortgage on the real estate in the principal amount of $110,000. On March 27, 1986, the Kentucky Circuit Court of Kenton County in case # 83–CI–1007 entered a foreclosure judgment in favor of CFSLA and against Schwartz in the amount of $119,841.82 plus interest of $21.09 per day. On January 2, 1987 WCLU was sold for $250,000 and on March 31, 1987 the real estate was sold for $215,000. Out of these proceeds, CFSLA was paid $125,844.88. In light of these events, the parties have presented to this Court the issue of entitlement to attorney fees from the foreclosure proceedings.

Initially the parties disagree as to the applicable appellate standard of review, "de novo" or "clearly erroneous". The Supreme Court of the United States has stated that a factual finding may be found

clearly erroneous only when after considering the entire record of evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *In re Bell & Beckwith,* 838 F.2d 844 (6th Cir.1988). However this standard applies only to factual findings. *Pullman Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *In re Bell, supra.* Where legal conclusions are involved, [the reviewing] court shall engage in a *de novo* review *Id.* Accordingly this Court finds that a *de novo* review is appropriate to determine whether the Bankruptcy Court erred as a matter of law on the aforementioned issues.

I.

■ The starting point on these issues is a determination of the enforcement of attorney's fee agreements involving oversecured claims. Prior to the enactment of the Bankruptcy Reform Act of 1978, state law clearly governed the enforceability of attorney's fee agreements between oversecured creditors and bankrupt debtors. *Unsecured Creditors' Committee v. Walter E. Heller,* 768 F.2d 580, 583 (4th Cir. 1985); *Matter of 268 Ltd.,* 789 F.2d 674, 676 (9th Cir.1986). In enacting the Bankruptcy Reform Act, Congress attempted to codify whether state law governed such agreements. *Unsecured Creditors' Committee, supra.* The result, 11 U.S.C. § 506(b) provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under which such claim arose. 11 U.S.C. § 506(b)

The ensuing interpretations of § 506(b) have provided a split of authority among the various Federal Courts whether State or Federal law governs. *See Unsecured Creditors' Committee, supra* at 583.[1] The United States Court of Appeals for the Sixth Circuit has not directly addressed this point but has held that creditors are entitled to recover attorney's fees in bankruptcy claims if they have a contractual right to them [which is] valid under state law. *In re Martin,* 761 F.2d 1163, 1168 (6th Cir. 1985). It is well settled law in both Kentucky and Ohio that attorney's fees for mortgagee's counsel are not proper costs in a mortgage foreclosure and also unenforceable as against public policy. *Fidelity Trust & Safety Vault Co. v. Ryan,* 109 Ky. 240, 58 S.W. 610 (1900); *Leavans v. Bank,* 50 Ohio St. 591, 34 N.E. 1089 (1893); *Coe v. Columbus, Pq. & Ind. R.R. Co.,* 10 Ohio St. 372 (1859); *Swing v. Swing,* 24 Ohio App. 464, 158 N.E. 194 (1925).

Nevertheless even the Federal Courts of Ohio have not been in accord on this issue. The position that § 506(b) is a codification of pre-existing law and that state law still governs attorney fee agreements has been followed in *In re Bertsch,* 17 B.R. 284 (Bankr.N.D. Ohio 1982) and the present action, *Matter of Schwartz,* 77 B.R. 177 (Bankr.S.D. Ohio 1987). Both courts therefore held that attorney's fees were not to be awarded to a mortgagee in a foreclosure action. *Id.*

However in *Longwell v. Banco Mortgage,* 38 B.R. 709 (N.D. Ohio 1984) the United States District Court for the Northern District of Ohio held that the District Court need not look to local law in the context of entitlement to attorney fees. Rather a secured creditor may collect reasonable attorney fees under § 506(b) *if the security agreement expressly provides for such fees. Id.* at 711. (Emphasis added).

This Court notes that in the carefully reasoned and scholarly opinion, the Bank-

---

**1.** This Court notes the rulings of the United States Courts of Appeals for the Fourth, Fifth and Ninth Circuits in respective decisions; *Unsecured Creditors' Committee v. Walter Heller & Co.,* 768 F.2d 580 (4th Cir.1985); *In re Hudson Shipbuilders,* 794 F.2d 1051 (5th Cir.1986); and

*In re 268 Limited,* 789 F.2d 674 (9th Cir.1986). This Court's holding does not directly contradict any Appellate Court rulings since, as the Bankruptcy Court determined, attorney fees were not provided for in the contractual agreement.

ruptcy Court below determined that as a matter of law no right to fees arose from the foreclosure proceedings since the provisions of the mortgage lacked the specificity which were required under § 506(b). *Schwartz, supra* at 181. Accordingly the Bankruptcy Court's order denying appellant CFSLA's claim for attorney fees pursuant to 11 U.S.C. § 506(b) is hereby affirmed.

II.

The second issue presented to the court is whether the Bankruptcy Court erred in determining that the doctrine of merger did not bar CFSLA's claim for attorney fees. Upon consideration of this issue, this Court finds that the statement of law by the Bankruptcy Court is correct and applicable. Accordingly the decision therein is hereby affirmed.

In conclusion, this Court finds for the reason forthwith that the order of the Bankruptcy Court is hereby affirmed.

IT IS SO ORDERED.