**In re Jeffrey A. (Alexander) BRISTOL, Debtor.**

**Bankruptcy No. 2–88–00535.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 28, 1988.

Charles R. Griffith, Reynoldsburg, Ohio, for claimant, First Inv. Co.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

### ORDER ON OBJECTION TO CLAIM OF FIRST INVESTMENT COMPANY

BARBARA J. SELLERS, Bankruptcy Judge.

Chapter 13 debtor Jeffrey A. Bristol, through his attorney, has objected to the allowance of a portion of claim # 8, filed by First Investment Company ("Investment"). Investment opposed the objection and the matter was heard by the Court.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) in which this bankruptcy judge may enter a final order.

The debtor opposes the allowance of Investment's claim only to the extent it includes charges for the services of an attorney in connection with a foreclosure action which was pending when this bankruptcy case was filed. In support of that objection the debtor asserts that Ohio law does not permit assessment of a creditor's attorney fees against a debtor absent a showing of bad faith and, even if such fees are allowed, there has been no showing that the fees were necessary or reasonable as required under 11 U.S.C. § 506(b).

In response, Investment states that the disputed charges include $350 for attorney fees, $250 for a title insurance policy and $60 in court costs. Those charges arise from a pending foreclosure action against real property owned by the debtor which serves as security for the obligation to Investment. Investment contends that such fees are allowable because the note evidencing the debtor's obligation is insured under the provisions of the National Housing Act ("FHA") and the regulations and guidelines of the Department of Housing and Urban Development, which govern indebtedness insured by FHA, permit the assessment of such fees despite any prohibition of such assessments under otherwise applicable state law. The attorney for Investment also indicated that his contract with Investment calls for a standard fee of $350 for the initiation and prosecution of a foreclosure action against residential real property securing an FHA insured loan.

■ This Court is not deciding whether the attorney for Investment is entitled to be paid by Investment for his services in the foreclosure proceeding on its behalf. Rather, the issue before the Court is whether Investment may pass its costs for such services on to a debtor in a reorganization proceeding under Chapter 13 of the Bankruptcy Code by the inclusion of such fees in a claim against the bankruptcy estate where the claim is based upon an FHA insured note secured by a mortgage against the debtor's residential real property.

The Court finds that the mortgage deed executed by the debtor grants a further lien for any costs and expenses of Investment as mortgagee, including reasonable fees and charges of its attorneys, caused by the debtor's default in the note which results in the institution of legal proceedings. Such provisions are not generally enforceable in Ohio courts. *Leavans v. Ohio Nat'l Bank*, 50 Ohio St. 591, 34 N.E. 1089 (1893); *Swing v. Swing*, 24 Ohio App. 464, 158 N.E. 194 (Ct.App.1925). The issue then is whether the provisions of 11 U.S.C. § 506(b), which permit inclusion in a secured claim of "reasonable fees, costs or charges provided for under the agreement under which such claim arose", are overridden by state law. If such fees are permitted as part of an allowed secured claim, a further question exists as to the reasonableness of the fees sought in this case. It is uncontested that the property securing the debtor's obligation to Investment has a value in excess of the amount owed and that the provisions of § 506(b) are applicable to this claim.

Court decisions are inconsistent as to whether the inclusion of reasonable fees, costs or charges provided for under an agreement may be asserted as part of an allowed secured claim under 11 U.S.C. § 506(b) despite the existence of contrary state law. *Compare In re Bertsch*, 17 B.R. 284 (Bankr.N.D.Ohio 1982) *with W.E. Heller & Co. Southeast, Inc. v. Unsecured Creditors' Committee (In re K.H. Stephenson Supply Co.)*, 768 F.2d 580 (4th Cir.1985). *See In re Schwartz*, 87 B.R. 41 (S.D.Ohio 1988). If state law controls, the further question presented in this matter is whether the result is altered by the existence of the FHA insurance for the note and federal regulations specifically permitting those assessments as part of mortgages securing such loans.

The Court has examined the legislative history of 11 U.S.C. § 506(b) and deter-

mines to follow the view expressed by the 4th Circuit in *Heller*, 768 F.2d at 580, that reasonable attorney fees should be allowed as part of an allowed secured claim to the extent the collateral has value to support such allowance if such fees are provided for in the agreement under which the obligation arose, notwithstanding state law to the contrary. *Heller*, 768 F.2d at 585. That holding also means that it will not be necessary for the Court to consider whether the FHA insurance of the loan and the specific FHA provisions override state law to the contrary.

Having found that such costs, expenses and fees may be asserted as part of an oversecured creditor's allowed secured claim in a Chapter 13 case where such costs, expenses and fees are part of the agreement under which the obligation arises, the Court must assess the reasonable and necessary nature of the charges asserted on behalf of Investment. Consistent with 11 U.S.C. § 506(b), this Court will make that determination.

 The Court finds that the $60 court costs to institute the foreclosure action and the $250 charged to search the title, issue and pay for insurance for the title were necessary. Accordingly, an amount of $310 is allowed as part of Investment's claim. However, as the standard fee agreed upon by Investment and its attorney extends beyond services for initiating a foreclosure action and includes obtaining a judgment decree and representation at the foreclosure sale or possible deeding back of the property, allowance of the entire attorney fee where only the initiation process has occurred would not be reasonable. Accordingly, only $200 of the $350 standard fee will be allowed as part of Investment's secured claim.

Based upon the foregoing, the claim of Investment is allowed as a secured claim in this case in the amount of $30,050.80, of which $3,804.72 is a claim for arrearages to be paid through the Chapter 13 trustee.

IT IS SO ORDERED.