**In re Charles and Marlene DAY, Debtors.**

**Bankruptcy No. 89–03154.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 13, 1991.

Edward Snyder, Toledo, Ohio, for debtors.

Anthony Disalle, Toledo, Ohio, trustee.

Thomas Heintschel, Toledo, Ohio, for Huntington Mortg. Co.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtors' Objection to Huntington Mortgage Company's Proof of Claim for arrearages. At the Hearing, the parties were afforded the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The parties also filed post-Hearing Briefs relative to the issue of the propriety of allowing Huntington Mortgage Company's request for attorney's fees and

for interest on the arrearage. The Court has reviewed the evidence, the arguments of counsel, and the post-Hearing Briefs, as well as the entire record in this case. Based upon that review and for the following reasons, the Court finds that the Debtors' Objection should be overruled.

## FACTS

Huntington Mortgage Company is a secured creditor by virtue of a promissory note and mortgage held on the Debtors' residence. Huntington Mortgage Company took steps to foreclose on this mortgage due to the Debtors' default.

On November 1, 1989, Charles and Marlene Day, Debtors, filed their petition for relief under Chapter 13 of the Bankruptcy Code. On December 26, 1989, Huntington Mortgage Company filed a proof of claim which included an amount of Four Thousand Seventy-three Dollars and Fifty-two Cents ($4,073.52) for an arrearage from May 1, 1989, through November 1, 1989. The Debtors filed an objection to the interest and attorney's fees included in the arrearages. The Debtors are paying on the mortgage outside of the Chapter 13 Plan.

Huntington Mortgage Company argues that it is entitled to the interest as it is necessary to provide a "cure" of the arrearage. Huntington Mortgage Company further argues that it is entitled to the attorney's fees as the security agreement makes reference to "Title 38."

In their Brief, the Debtors consent to an award of interest in light of *In re Colegrove,* 771 F.2d 119 (6th Cir.1985), but question the amount. Furthermore, the Debtors assert that the award of attorneys' fees would be improper.

## LAW

The Court will address the first of two issues to be resolved, namely whether Huntington Mortgage Company is entitled to pre- and post-Chapter 13 attorneys' fees.

■ Huntington Mortgage Company correctly asserts that oversecured mortgagees are entitled to fees and expenses in Chapter 13 cases. *See, Longwell v. Banco Mortgage Co.,* 38 B.R. 709 (D.C.N.D.Ohio 1984). However, Huntington Mortgage Company is not an oversecured creditor in this matter. A review of the petition reflects the fair market value of the property to be Forty Thousand Dollars ($40,000.00). The mortgage was for Forty Thousand Dollars ($40,000.00). Consequently, Huntington Mortgage Company is not entitled to attorneys' fees.

■ Assuming arguendo that Huntington Mortgage Company was oversecured, it still would not have been entitled to attorneys' fees. These fees are only awarded if the security agreement itself provides for them. Courts have emphasized that the allowance of attorneys' fees, and by implication costs, must be "expressly" provided for in the agreement. *Matter of Schwartz,* 77 B.R. 177 (S.D.Ohio 1987), *aff'd,* 87 B.R. 41 (S.D.Ohio 1988); *Longwell v. Banco Mortgage Co.,* 38 B.R. 709 (N.D.Ohio 1984). *See, also, In re D.W.G.K. Restaurants, Inc.,* 84 B.R. 684 (Bkrtcy.S.D.Cal.1988).

The Court has very carefully scrutinized the Mortgage Note and finds no reference to the award of attorneys fees, except for a vague reference to Title 38. Title 38 permits the award of certain fees in connection with Veteran Administration guaranteed loans, attorneys' fees, and other expenses under certain circumstances. *See,* 38 C.F.R. 36.4313. This Court believes that Title 38 was, in all likelihood, not readily available to the mortgagors, nor would they find it to be easily understood. Moreover, the idea of borrowers making the leap from Title 38 to the proper sections of the Code of Federal Regulations detailing the provisions relied upon by the creditor is even more improbable. Yet, without the Debtors knowing the terms to be incorporated, it is difficult to see how the provision could have been "bargained for" as required under the *D.W.G.K. Restaurants* decision. Accordingly, the Court finds that the reference to "Title 38" in the agreement was neither "express" nor "bargained for", and thus the request for attorneys fees and costs should be disallowed.

■ The Court has studied Title 38. Based upon the language of 38 C.F.R. Section 36.4314(b) and 38 U.S.C. Section 1820, which defines the powers of the Veterans' Affairs Administrator, it appears that the statute and corresponding regulation concern only the relationship between Huntington Mortgage Company and the Veterans' Administration as guarantor. It does not apply to the Debtors, and does not give rise to any obligation on their part to pay Huntington Mortgage Company's costs and attorneys' fees incurred in prosecuting the foreclosure action. *See, also, In re La-Roche*, 115 B.R. 93 (N.D.Ohio 1990).

Accordingly, the claim, amounting to Eight Hundred Twenty-five Dollars ($825.00), as it relates to attorneys' fees and costs must be disallowed. The Court now turns its attention to the issue of interest on the arrearages.

■ Section 1322 of the Bankruptcy Code delineates the contents of a Chapter 13 plan. That Section provides, in part, that

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(2) and (5). The Sixth Circuit Court of Appeals has construed this Section as allowing interest to "cure the default," regardless of whether the creditor is secured or unsecured. *In re Colegrove*, 771 F.2d 119, 122 (6th Cir.1985). "In effect the law requires the creditor to make a new loan in the amount of the value of the collateral rather than repossess it, and the creditor is entitled to interest on his loan." *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427, 429 (6th Cir.1982).

Therefore, the only issue to be decided is at what rate should the interest be allowed.

■ The determination of which rate of interest should be allowed has been extensively discussed by the Sixth Circuit Court of Appeals. *See, Cardinal Fed. Sav. & Loan v. Colegrove*, 771 F.2d 119 (6th Cir. 1985); *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982). In *Memphis*, the secured loan was made at an interest rate of Twenty-one Percent (21%). *Memphis*, at 430. The *Memphis* court held that in the absence of special circumstances, bankruptcy courts should use the current market rate of interest for similar loans in the region. *Id.* at 431.

The Colegrove court expanded that decision by holding that "the most equitable interest rate on an undersecured loan should be the prevailing market rate of interest at the time of allowance of the creditors' claim and the confirmation of the plan in bankruptcy, with a maximum limitation on such rate to be the underlying contract rate of interest." *Colegrove*, at 123. With this decision, the debtor gets the better of the bargain by receiving either the prevailing market rate of interest or the contract rate of interest, whichever is lower. The contractual rate of interest was 10.5%. As neither party objected to the rate of interest, and the rate itself is not questionably high, this Court finds that the rate of interest to be charged on the arrearages is 10.5%.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether they are specifically mentioned in this Opinion.

Accordingly, it is

ORDERED that the Debtors' Objection be, and is hereby, partially Overruled and partially sustained.

It is FURTHER ORDERED that Huntington Mortgage Company's claim for attorneys' fees in the amount of Eight Hundred Twenty-five Dollars ($825.00) be, and is hereby, disallowed.

It is FURTHER ORDERED that Huntington Mortgage Company's claim for ar-

rearages in the sum of Four Thousand Seventy-three Dollars and Fifty Cents ($4,073.52), at the rate of 10.5% interest, less the disallowed attorney's fees, be, and is hereby, allowed.