_____

No. 95-4005
_____

In re: Schriock Construction,      *
Inc.,                              *
                                   *
          Debtor.                  *
                                   *
_____    *
                                   *
First Western Bank & Trust,        *   Appeal from the United States
                                   *   District Court for the
          Appellant,               *   District of North Dakota.
                                   *
     v.                            *
                                   *
Wayne Drewes, as bankruptcy        *
trustee for Schriock               *
Construction, Inc.,                *
                                   *
          Appellee.                *
                                       _____

          Submitted:  October 21, 1996

              Filed:  January 8, 1997
                                       _____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and BEAM, Circuit Judges.
                                 _____

BEAM, Circuit Judge.


     First Western Bank & Trust appeals the district court's conclusion
that the bankruptcy court properly denied First Western's request for
attorney's fees and costs pursuant to 11 U.S.C. § 506(b).  We reverse.


I.   **BACKGROUND**


     Beginning in 1991, First Western Bank & Trust extended several loans
to Schriock Construction.  The security agreement provided that Schriock
would reimburse First Western "on demand for all

costs of collection [of the loans] (including in each case all reasonable attorneys' fees) incurred by [First Western] . . . , including expenses incurred in any litigation or bankruptcy or insolvency proceeding." The security agreement also contained a choice of law clause, specifying that the law of the borrower's state, in this case North Dakota, would govern the note. The loans were secured by certain of Schriock's equipment.

Schriock filed for bankruptcy under Chapter 11 in April of 1993. In May of 1994, the bankruptcy court converted the proceeding to a Chapter 7 liquidation. At that time, Schriock still owed First Western $441,602.26. The Chapter 7 bankruptcy trustee liquidated Schriock's equipment for $1,080,175. First Western's claim on the note was fully satisfied from the proceeds of the sale.

First Western then filed an application under 11 U.S.C. § 506(b), seeking reimbursement for $38,052.63 in attorney's fees and costs. The bankruptcy trustee argued that First Western was not entitled to fees because its security agreement with Schriock did not, under North Dakota law, provide for such reimbursement. The bankruptcy court agreed with the trustee, and the district court affirmed. First Western now appeals.

**II.  DISCUSSION**

We review the district court's legal conclusions in bankruptcy proceedings de novo. Hammrich v. Lovald (In re Hammrich), 98 F.3d 388, 390 (8th Cir. 1996). Our review of the district court's interpretation of the Bankruptcy Code is also de novo. Graven v. Fink (In re Graven), 936 F.2d 378, 384-85 (8th Cir. 1991).

Section 506(b) of the Bankruptcy Code allows oversecured creditors to recover certain postpetition costs:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). As the Supreme Court has noted, "[r]ecovery of fees, costs, and charges . . . is allowed only if [such fees] are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, postpetition interest is the only added recovery available." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989). To recover attorney's fees under section 506(b), then, a creditor must establish: (1) that it is oversecured in excess of the fees requested; (2) that the fees are reasonable; and (3) that the agreement giving rise to the claim provides for attorney's fees. In re Foertsch, 167 B.R. 555, 562 (Bankr. D.N.D. 1994) (citations omitted).

The parties agree that First Western is an oversecured creditor. The trustee, however, argues even though the bank's security agreement with Schriock states explicitly that Schriock must pay "all costs of collection . . . including expenses incurred in any litigation or bankruptcy or insolvency proceeding," the underlying agreement does not provide for the recoupment of attorney's fees. According to the trustee, the security agreement's fee provision is void under North Dakota law, which the agreement's choice of law clause makes applicable to the loan documents. North Dakota Century Code § 28-06-04 provides that:

> **Attorney's fee in instrument void.** Any provision contained in any note, bond, mortgage, security agreement, or other evidence of debt for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void.

We assume for the sake of discussion that the North Dakota statute would apply to the fees provision in the First Western-Schriock security agreement. With this assumption, we are presented with the odd circumstance that the contract specifically allows for recovery of fees, yet purports to apply state law that would render the parties' express provision void. The trustee argues that the fee provision is therefore void ab initio, and the underlying agreement thus does not provide for fees. The bankruptcy court agreed, concluding that "if an attorney fee provision is not valid and enforceable by an oversecured creditor outside of the bankruptcy context, it does not become enforceable merely as a consequence of being asserted in the context of a bankruptcy case." In re Schriock Constr., Inc., No. 93-30366, slip op. at 7 (Bankr. D.N.D. filed Dec. 19, 1994).

But this case concerns the allowance of attorney's fees under federal law, not state law. The appropriate question is not whether we should choose the North Dakota statute (which would void the fee agreement) or the federal bankruptcy code (which would allow it). Rather, we must consider whether the state statute can trump the federal statute. The trustee's position, and the district court's conclusion, would effectively convert the parties' choice of law clause to an "anti-preemption" clause. Neither the plain language of section 506(b) nor its legislative history supports such an interpretation.

Section 506(b) itself does not direct us to state law. Rather, the statute provides that "there shall be allowed to [oversecured creditors] any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." The trustee asserts that the validity of the underlying agreement for recoupment of attorney's fees must nevertheless be determined according to state law. It is true that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. United States, 440 U.S.

-4-

48, 54 (1979); <u>see</u> <u>also</u> <u>Chiu v. Wong</u>, 16 F.3d 306, 309 (8th Cir. 1994). But such state law inquiries are not appropriate when "some federal interest requires a different result." <u>Butner</u>, 440 U.S. at 55. Here, the plain language of section 506(b) expressly provides for the award of attorney's fees in bankruptcy proceedings, without reference to contrary state law. <u>See</u> <u>Joseph F. Sanson Invest. Co. v. 268 Ltd.</u> (<u>In re 268 Ltd.</u>), 789 F.2d 674, 677 (9th Cir. 1986) (concluding that <u>Butner</u> does not require determination of section 506(b) claims according to state law).

The legislative history of section 506(b) supports this common sense reading of its text. As numerous courts have pointed out, the House and Senate passed different drafts of the provision. <u>See</u>, <u>e.g.</u>, <u>Blackburn-Bliss Trust v. Hudson Shipbuilders, Inc.</u> (<u>In re Hudson Shipbuilders</u>), 794 F.2d 1051, 1056 (5th Cir. 1986); <u>268 Ltd.</u>, 789 F.2d at 676; <u>Unsecured Creditors' Comm. v. Walter E. Heller & Co.</u> (<u>In re K.H. Stephenson Supply Co.</u>), 768 F.2d 580, 584 (4th Cir. 1985). The amended House version of the statute provided that "[t]here shall be allowed to the holder of such claim, to the extent collectible under applicable law . . . any reasonable fees." H.R. 8200, 95 Cong., 1st Sess. § 506(b) (1977). The Senate bill made no such reference to "under applicable law." <u>See</u> S. 2266, 95 Cong., 2d Sess. § 506(b) (1978). The conference committee adopted and Congress enacted the Senate language. Furthermore, the floor managers of the bill, Representative Edwards and Senator DeConcini, both reported to Congress during consideration of the conference committee version that the committee had rejected the House's qualifying language:

> Section 506(b) of the House amendment adopts language contained in the Senate amendment and rejects language contained in H.R. 8200 as passed by the House. If the security agreement between the parties provides for attorneys' fees, it will be enforceable under title 11, <u>notwithstanding contrary law</u> . . . .

124 Cong. Rec. 32,350, 32,398 & 33,989, 33,997 (1978) (emphasis added). The statements by Senator DeConcini and Representative Edwards are fully consistent with our view of the text of section 506(b), and we believe that the statements are entitled to considerable weight. Cf. Wamsganz v. Boatmen's Bank, 804 F.2d 503, 505 (8th Cir. 1986) (relying in part on statements by DeConcini and Edwards in interpreting the Bankruptcy Code).

A clear majority of courts have so interpreted section 506(b) and have rejected arguments similar to those the trustee advances. See 3 Collier on Bankruptcy § 506.05, at 506-52 to 506-54. In Heller, 768 F.2d at 585, the court held that a creditor was entitled to attorney's fees under section 506(b) even though it had failed to comply with a state statute requiring creditors to give notice and a chance to cure within five days of a debtor's default. Similarly, two circuits have held that fees otherwise enforceable under state law were still subject to section 506(b)'s requirement that fees be "reasonable." Hudson Shipbuilders, 794 F.2d at 1058; 268 Ltd., 789 F.2d at 675.

The trustee argues that these cases are inapposite because they involved "procedural" issues and the reasonableness of fees, rather than the validity of the underlying agreement. This is a distinction without a difference. The language of section 506(b) certainly draws no substance-procedure distinction between state law prohibitions on fee recovery. Indeed, at least two courts have held that creditors can collect fees under section 506(b) pursuant to an agreement that would be void under otherwise applicable state law. In In re Bristol, 92 B.R. 276, 277-78 (Bankr. S.D. Ohio 1988), the bankruptcy court gave effect to a provision allowing for recovery of attorney's fees contained in a mortgage deed, even when otherwise applicable state law would not have enforced the provision. Similarly, in In re American Metals Corp., the bankruptcy court enforced a fee provision proscribed under arguably applicable state law. 31 B.R. 229, 234 (Bankr. D. Kansas 1983).

Unlike Bristol and American Metals, the parties in this case expressly provided that state law would govern the contract. In this vein, the district court explained that its conclusions "may have been different had the security agreement itself not said North Dakota law would govern or if the provision for payment [of] attorney fees to the bank was contained in a separate agreement." In re Schriock Constr., Inc., No. 93-30366, slip op. at 5 (D.N.D. filed Nov. 1, 1995). The point of the court's reference to a "separate agreement" is that section 28-26-04 of the North Dakota statutes voids a provision entitling a secured creditor to attorney's fees only if it is contained in the security agreement itself or in some other instrument "relate[d] to the payment of a debt." Farmers Union Oil Co. v. Maixner, 376 N.W.2d 43, 49 (N.D. 1985). As the trustee acknowledged in the proceedings below, a side agreement providing for fees in this case might well have been enforceable under North Dakota law. Given this rather fine technical nicety, we are even less inclined to find that state law overrules section 506(b).

Further, we see no reason why the parties' use of a choice of law clause should require us to look to state law to determine whether the security agreement provides for attorney's fees. Presumably, a court construing the contract outside the bankruptcy context would, under accepted choice of law principles, apply North Dakota law even in the absence of the parties' explicit choice. But with or without the parties' choice of law provision, we simply do not need to consider North Dakota law in considering First Western's claim for attorney's fees. See American Metals, 31 B.R. at 234. Section 506(b) does not require creditors to forego the common contractual tool of choice of law provisions in order to have the benefit of federal bankruptcy law. We disagree with the bankruptcy court's reasoning that it is mere happenstance that a fee provision unenforceable under state law would be given effect in bankruptcy proceedings; rather, that is the clearly intended effect of section 506(b).

The trustee argues that this view of section 506(b) renders the statute's requirement of an underlying agreement to repay fees superfluous, but such clearly is not so. Had the security agreement between First Western and Schriock not contained a paragraph expressly providing for recoupment of fees, or had expressly disallowed fees, there is no question that section 506(b) would not apply. Indeed, section 506(b) would be superfluous if the validity of an explicit fee provision were dependent on state law. "Section 506(b) says that the oversecured creditor may get reasonable attorney's fees if the agreement so provides. It does not say that the right is dependent on state law. Section 506(b), therefore, establishes a federal right to reasonable attorney's fees for the oversecured creditor irrespective of state law." In re McGaw Property Management, Inc., 133 B.R. 227, 230 (Bankr. C.D. Cal. 1991). The security agreement between the bank and Schriock did, in fact, provide for recoupment of attorney's fees in bankruptcy proceedings, and North Dakota law cannot bar a fee recovery under section 506(b).

## III. CONCLUSION

For the foregoing reasons, we reverse the district court's conclusion that the security agreement between Schriock and First Western does not provide for recovery of attorney's fees in bankruptcy proceedings. We remand this case to the district court so that it may be returned to the bankruptcy court for the award of a reasonable fee.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-