**LINCOLN SERVICE CORPORATION, Plaintiff,**

v.

**Howard HOLLIDAY, et al., Defendants.**

**No. 85 C 7363.**

United States District Court, N.D. Illinois, E.D.

May 9, 1986.

Fisher & Fisher, Chicago, Ill., for plaintiff.

No appearance for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In this defaulted foreclosure action, mortgagee Lincoln Service Corporation ("Lincoln") initially sought a judgment of foreclosure that included, as part of the

---

1. Though Lincoln's counsel did not deliver the mortgage document itself to this Court, their memorandum quoted its relevant provisions.

---

proposed judgment order, attorneys' fees incurred in connection with bankruptcy proceedings brought by mortgagors Howard and Vanessa Holliday ("Hollidays"). Because the chargeability of such fees represents a recurring problem in mortgage foreclosure proceedings brought in this District Court, this Court sua sponte directed Lincoln's counsel to file a memorandum addressing the question—and because the problem invariably arises (as here) in a non-adversary context because of the default, this Court and its law clerk have also addressed the issues independently.

Lincoln's counsel focused on only one (the most obvious) aspect of the question: whether the mortgage document itself authorizes the mortgagee's recovery of such fees. Ill.Rev.Stat. ch. 110, ¶ 15–111 ("Section 15–111") authorizes the prayer for foreclosure to include an order on the defendants to pay "attorneys' fees and costs of the proceedings (to the extent provided in the mortgage)." Here the mortgage not only allows recovery of fees in this foreclosure proceeding but goes on to provide (Mortgage ¶ 3):[1]

[I]n case of any other suit, or legal proceeding, wherein the Mortgagee shall be made a party thereto by reason of this mortgage, its costs and expenses, and the reasonable fees and charges of the attorneys or solicitors of the Mortgagee, so made parties, for services in such suit or proceedings shall be a further lien and charge upon the said premises under this mortgage, and all such expenses shall become so much additional indebtedness secured hereby and be allowed in any decree foreclosing this mortgage.

In this case Hollidays filed a Chapter 13 proceeding, and Lincoln's lawyers had to appear there to obtain a Bankruptcy Court order lifting the automatic stay to allow the foreclosure to proceed. That activity fits within the mortgage clause, so the first step of the analysis has been satisfied.[2]

But this Court's concern has extended beyond that threshold question to an issue not addressed by Lincoln's counsel: whether any bankruptcy law inhibits the operation of a mortgagee-mortgagor contractual arrangement of the kind last quoted. Independent research has uncovered only one

---

2. True enough, proceedings in other litigation are not the "proceedings" to which Section 15–111 refers, but that should not seem to inhibit the parties' right to enlarge the scope of the mortgagee's remedies by contract.

potentially applicable provision. Bankruptcy Code § 506(b), 11 U.S.C. § 506(b) allows a secured creditor to recover "any reasonable fees ... provided for under the agreement under which [a secured] claim arose" —but only to the extent the claim is fully secured or oversecured. See 3 *Collier on Bankruptcy* ¶ 506.05, at 506–37 to 506–38 & n. 3 and cases cited (15th ed. 1985); 6 *id.* ¶ 1300.73[2].

By its literal terms Code § 506(b) is inapplicable to an undersecured claim, where the recovery of fees would enlarge the part of the secured creditor's claim that—being by definition unrecoverable out of the security—would stand on a parity with the claims of general creditors. At least by implication, the silence of the statute could be read as barring the award in such undersecured situations. 3 *Collier* ¶ 506.05, at 506–39. Despite that likely reading, *In re Morris (Worthen Bank & Trust Co. v. Morris)*, 602 F.2d 826 (8th Cir.1979) has held *any* contractual provision for payment of attorneys' fees that is valid under state law is enforceable in bankruptcy, at least through foreclosure of the lien on the secured property. And although its discussion in the present context is only dictum,[3] *In re United Merchants and Manufacturers, Inc. (United Merchants and Manufacturers, Inc. v. Equitable Life Assurance Society of the United States)*, 674 F.2d 134 (2d Cir.1982) held fees in the undersecured situation—collectible under a contractual provision—were recoverable and provable as unsecured claims in the bankruptcy proceeding (where they would share with other general unsecured creditors). *United Merchants* rejected the debtor's contrary arguments based on asserted policy considerations underlying the bankruptcy laws.

■ Whatever the situation in the undersecured case (a question that does not arise here), the law in the fully-secured or oversecured situation is plain. Whether the fees have been incurred before or after the filing of the bankruptcy petition, the secured creditor is entitled to enforce a valid contractual obligation for payment of such fees. See, e.g., *In re Belanger*, 31 B.R. 571, 572 (N.D.Ill.1982).[4]

■ If no deficiency were to arise as a result of the sale here, then, the mortgage provision would clearly control to allow the reasonable fees incurred in the bankruptcy proceedings to be recovered. If the bid *does* result in a deficiency, an agreement on Lincoln's part to let the deficiency stand solely in rem, and not as a personal judgment, would cause the incremental fee to be collectible from Hollidays only if they were to redeem the property with funds not subject to the claims of other (general) creditors in the bankruptcy proceedings. Neither of those alternatives would pose the problem identified in *United Merchants* and not dealt with in this opinion.

In either event, the court can treat with the issue that is considered here on a fully-informed basis (and thus render an appropriate order) after the sale is conducted, when the mortgagee seeks confirmation of the report of sale. Accordingly in this and other like cases this Court will include such requested fees in the judgment of foreclosure, but subject to the limitations stated in this opinion.

3. As the court's discussion (674 F.2d at 138) made plain, Code § 506(b) took effect after the filing of the petition the court was considering. However, the debtor there urged the Code, construed in the manner suggested at the beginning of this text paragraph, was intended to codify pre-Code law. As to that, the court (*id.*) said the Code § 506(b) codification related only to the principle that the oversecured creditor could recover fees *as part of its secured claim*, thus shedding no light on the unsecured contractual claim.
4. After this opinion was issued, this Court learned of a decision only a few days earlier by the Court of Appeals for the Ninth Circuit, *Joseph F. Sanson Investment Co. v. 268 Limited (In re 268 Limited)*, 789 F.2d 674 (9th Cir.1986), dealing with the enforceability of a contractual fee provision by a fully-secured or oversecured mortgagee once the mortgagor has filed bankruptcy proceedings. In that situation *Sanson* held Code § 506(b) "preempts the state law governing the availability of attorney's fees as part of a secured claim," so the court can properly engage in an independent determination of reasonableness (789 F.2d at 675). Then the opinion went on (*id.* at 675–76):

Reasonableness and enforceability are not, however, coterminous. A concededly unreasonable fee provision might be enforceable under state law, whereas a reasonable one might be unenforceable for reasons unrelated to the size of the fee. Thus, we cannot agree that by requiring that contractual fee arrangements be reasonable Congress meant only that they must be enforceable under the law governing the enforcement of the contract. To give § 506(b)'s limitation meaning, we must read it to provide for an *ex post* reasonableness determination by the bankruptcy court.

That view tracks with the holding in this opinion that the bankruptcy-related fees may be charged *if* so permitted by the mortgage and *if* the fees are objectively reasonable.