**In re CVC, INC., dba Cleveland Vibrator Co., dba Admiral–Record Hydrotech, Debtor.**

**Bankruptcy No. B89–1752.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 24, 1990.

RANDOLPH BAXTER, Bankruptcy Judge.

## I.

The matter before the Court is an application of Arter & Hadden (Applicant) for compensation and reimbursement of expenses incurred while rendering legal services to North Coast Industries, Inc. (NCI), a secured creditor of CVC, Inc. (Debtor). Upon a review of the application, arguments of counsel, and the record, generally, the application is hereby disallowed.

## II.

The Debtor caused its Chapter 11 proceeding to be filed on May 5, 1989. NCI was not listed as a creditor on the Debtor's schedules nor was there any demonstration that a proof of claim was filed by or on behalf of NCI. Apparently, NCI is a se-

cured creditor of the Debtor as evidenced by a security agreement granting NCI a security interest in certain property. Relevant provisions of the security agreement are as follows:

8. *Grant of Security Interest*

CVC hereby grants North Coast a security interest in the following property:

(a) All accounts receivable arising from the sale of the Consigned Goods ("Accounts Receivable");

(b) All proceeds of the Accounts Receivable. The term "proceeds" includes whatever is received upon the sale, exchange, collection or other disposition of the Accounts Receivable and their proceeds. The Accounts Receivable and proceeds shall hereinafter be sometimes referred to collectively as the "Accounts".

(c) All Consigned Goods purchased by CVC from North Coast

9. *Obligations Secured*

The security interest granted to North Coast by CVC shall secure:

(a) payment of the purchase price to be paid by CVC to North Coast for the Consigned Goods;

(b) the performance by CVC of all agreements set forth in this Consignment Agreement and Security Agreement;

(c) all payments made or expenses incurred by North Coast including, without limitation, reasonable attorneys fees and legal expense in the exercise, preservation or enforcement of any of the rights, powers or remedies of North Coast, or in the enforcement of the obligations of CVC under this Agreement;

(d) any and all other indebtedness, obligations or liabilities of CVC to North Coast arising in any other manner whatsoever, and

(e) any obligations of CVC to North Coast arising from amendments, modifications, renewals or extensions of any of the foregoing (the "Secured Obligations"). (See, Consignment Agreement and Security Agreement, dated March 3, 1989.)

Arter & Hadden has represented NCI in negotiations with regard to the preservation of NCI's rights under the security agreement with the Debtor. Arter & Hadden contends that pursuant to the terms of the security agreement, more specifically paragraph 9(c) and § 506(b) of the Bankruptcy Code [11 U.S.C. 506(b)], it is entitled to compensation for professional services in an amount of $6,822.00, and expense reimbursement in an amount of $35.00. The Official Creditors' Committee (Committee) objects to the application for compensation arguing that NCI has not established that it is an oversecured creditor as required by § 506(b). The Committee further contends that the Debtor does not hold any identifiable collateral from which NCI is entitled to payment as substantially all of the Debtor's assets were sold pursuant to the Court's order entered May 7, 1990. NCI, however, contends that Society National Bank (SNB), a secured creditor with an interest in the collateral junior to NCI's interest but greater in amount, was fully satisfied after NCI was paid in full. Thusly, NCI argues that if a junior lienholder was also satisfied from the proceeds of the sale, there is no issue as to whether NCI was oversecured.

III.

The principle dispositive issue is whether Arter & Hadden is entitled to compensation for fees and reimbursement of expenses incurred on behalf of NCI, pursuant to § 506(b).

IV.

Section 506(b) of the Bankruptcy Code provides in pertinent part:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provid-

ed for under the agreement under which such claim arose. [11 U.S.C. 506(b)]

Subsection 506(c) provides:

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. [11 U.S.C. 506(c)]

Although § 506(b) does not use specific language referencing attorney fees, the legislative history makes it quite clear that attorney fees are contemplated as reimbursable expenses. A security agreement between parties providing for attorney fees will be enforceable under title 11, notwithstanding common law, and is recoverable from the collateral after any recovery under § 506(c). 124 Cong.Rec. H11095 (daily ed. Sept. 28, 1978); S17411 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. Deconcini).

The creditor must be the holder of an allowed secured claim to avail itself of § 506(b). *In re Salazar*, 82 B.R. 538, 540 (9th Cir. BAP 1987); *See*, 11 U.S.C. 506(b). Section 501 of the Bankruptcy Code governs the filing of proofs of claims and provides:

Filing of proofs of claims or interests.

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

[11 U.S.C. 501(a), (b) and (c)]

In Chapter 11 proceedings, as in this instance, a proof of claim is deemed filed if the claim appears in the debtor's schedules filed under § 521(1) of the Bankruptcy Code. *See*, 11 U.S.C. 1111(a). A claim, proof of which is filed, is deemed allowed unless a party in interest objects. *See*, 11 U.S.C. 502(a). Further, in a Chapter 11 proceeding, any creditor whose claim is not scheduled must file a proof of claim within the time period prescribed by the Court. *See*, Rule 3003(c)(2) Bankr.R.

## V.

The burden of proof is upon the Applicant to establish the reasonableness and allowability of the requested fees under § 506(b) of the Bankruptcy Code. *In re Tolan*, 41 B.R. 751, 754 (Bankr.M.D. Tenn.1984). The Applicant must demonstrate by a preponderance of the evidence that it is entitled to fees and expenses. *In re Minnesota Distillers, Inc.*, 45 B.R. 131, 135 (Bankr.D.Minn.1984). In order for the Applicant to assert a recovery under § 506(b), NCI's claim must be either scheduled by the Debtor or a proof of claim must be filed by or on behalf of NCI and said claim allowed. Herein, there has been no such demonstration. NCI, nor anyone on its behalf, has yet to file a claim against the Debtor's estate. Thusly, the Applicant's effort does not relate to an allowed claim. Furthermore, the Applicant must demonstrate that the value of the property securing the claim is greater than the amount of such claim. The Applicant argues that SNB's secured claim was subordinate to NCI's and since SNB was paid in full this clearly establishes that NCI's claim was oversecured. However, upon a review of the Court's order of May 7, 1990, it is apparent that SNB's lien was junior only to certain consigned goods. The Court has not been provided with any documentation as to the amount of NCI's secured claim, nor with the amount of the proceeds from the sale of the consigned goods, to enable the Court to determine NCI's security interest. Lastly, § 506(b) allows a recovery only to the holder of an allowed secured claim. Clearly, the Applicant, Arter & Hadden, is not the holder of such a claim, as its position is that of counsel to an unscheduled creditor of the Debtor.

Accordingly, the application of Arter & Hadden for compensation and expense re-

imbursement is hereby disallowed for the aforementioned reasons.

IT IS SO ORDERED.