**In re Lois H. CAMPBELL, aka Lois Henley Campbell, Debtor.**

**Bankruptcy No. 2–91–02483.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 18, 1991.

185

Robert J. Morje, Columbus, Ohio, for debtor.

Charles R. Griffith, Reynoldsburg, Ohio, for Federal Nat. Mortg. Ass'n.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Objection to the Claim of Federal National Mortgage Association filed by Lois H. Campbell ("Debtor") and the Memorandum in Opposition to Debtors (sic) Objection to Claim and Request for Hearing filed by Federal National Mortgage Association ("Federal"). A hearing was held on September 16, 1991, at which time the parties were provided the opportunity to present evidence in support of their positions. The Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I. *Findings of Fact*

On April 1, 1991, Debtor filed his petition under Chapter 13 of the Bankruptcy Code. The Debtor's schedules indicate that Federal has a first lien upon the Debtor's residence. Prior to the filing of the Debtor's petition, Federal had instituted a foreclosure action to liquidate its lien on the Debtor's real property.

The basis of the Debtor's Objection is a claim filed by Federal for "attorney's fees" in the amount of $1,463.83.[1] At the hear-

---

1. The Debtor also objected to a claim filed by Federal for "property maintenance" in the

ing to consider this matter, Federal itemized this figure as follows: $800.50 (court costs in foreclosure action); $600.00 (attorney's fees for the foreclosure representation); $250.00 (attorney's fees for the bankruptcy representation); $95.00 (title search fee), and $60.00 (filing fee for motion for relief from stay). Federal claims that it is entitled to recovery of these fees by virtue of the following provision contained in its mortgage with the Debtor:

11. Upon any default on the note secured hereby, or under this deed, foreclosure proceedings may be instituted, at the option of the Grantee. In any such action, the Grantee shall be entitled, without notice and without regard to the adequacy of the security of the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises and in case of any other suit, or legal proceeding, wherein the Grantee shall be made a party thereto by reason of this mortgage, its costs and expenses, and *the reasonable fees and charges of the attorneys or solicitors of the grantee*, so made parties, for services in such suit or proceedings, shall be a further lien and charge upon the said premises under this mortgage, *and all such expenses shall become so much additional indebtedness secured hereby and be allowed in any decree foreclosing this mortgage.* (Emphasis added).

The Debtor contends that this provision only entitles Federal to recover attorney fees for suits other than Federal's own foreclosure. The Debtor further contends that even if such fees were recoverable from the Debtor, Federal is obligated to provide an accurate itemization of these fees so that the Debtor and the Court may determine whether the fees are reasonable.

The statements and schedules filed by the Debtor in this case indicate that the present market value of the real estate securing Federal's loan is $35,000.00. The mortgage document attached to the proof of claim filed on behalf of Federal indicates a principal loan amount of $12,500.00.

amount of $405.17. However, this claim was

## II. *Conclusions of Law*

■ Section 506(b) of the Bankruptcy Code identifies the fees and expenses which may properly be claimed by an oversecured creditor. Section 506(b) provides:

(b) To the extent that an allowed secured claim is secured by property, the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

■ In order to satisfy the requirements of § 506(b), a creditor must demonstrate that: (1) the underlying security agreement or mortgage provides for such fees; (2) the value of the collateral exceeds the amount of the principal debt, accrued interest, and fees and costs sought; and (3) the fees are reasonable. *In re B & W Management, Inc.,* 63 B.R. 395, 401 (Bankr.D.Dist.Col.1986) and *In re Nordmann,* 56 B.R. 634, 636 (Bankr.D.S.D. 1986). The secured creditor has the burden of establishing that the fees and costs are: (1) provided for under the parties' contractual agreements; (2) reasonable; and (3) allowable under applicable state law. *In re Jablonski,* 70 B.R. 381, 389 (Bankr.E.D.Pa. 1987).

There is a current split of authority regarding which body of law governs the enforceability of agreements allowing recovery for attorney's fees. At least one Ohio case has held that such agreements must be allowable under Ohio law to be enforceable. *In re Bertsch,* 17 B.R. 284, 288 (Bankr.N.D.Ohio 1982). The court in *Bertsch* concluded that attorney's fees incurred by the mortgagee are not proper costs in a mortgage foreclosure under Ohio law and that such a recovery is precluded as against public policy.

However, a more recent line of Ohio cases has permitted the recovery of attorney's fees pursuant to § 506(b) of the Bankruptcy Code, notwithstanding Ohio law to the contrary, when there is an

withdrawn by Federal prior to the hearing.

agreement between the parties providing for recovery of such fees. *Longwell v. Banco Mortgage Co.*, 38 B.R. 709, 711 (N.D.Ohio 1984); *In re Bristol*, 92 B.R. 276, 277–78 (Bankr.S.D.Ohio 1988); and *In re CVC, Inc.*, 120 B.R. 877, 880 (Bankr. N.D.Ohio 1990). These more recent cases have reasoned that the legislative history of § 506(b) of the Bankruptcy Code indicates that the revisions to that section, resulting from the Bankruptcy Reform Act of 1978, implicitly direct courts to permit recovery of attorney's fees pursuant to the conditions set forth in that section.

This Court finds these more recent cases to be well reasoned and therefore adopts their analysis regarding the enforceability of agreements allowing for the recovery of attorney's fees pursuant to § 506(b) of the Bankruptcy Code. Therefore, an examination of Ohio state law is unnecessary.

■ The pleadings and documents filed by the parties in this case clearly demonstrate that Federal has a first lien upon the Debtor's residence and that there is value in the residence over and above the amount of Federal's mortgage.[2] Therefore, Federal is an oversecured creditor.

■ The terms of the mortgage between the Debtor and Federal indicate that the parties contemplated the recovery of costs and expenses incurred in foreclosure proceedings as a proper expense to be accessed against the Debtor. Concomitantly, foreseeable expenses, such as filing fees and a title search, are costs which flow naturally from such action. The mortgage also specifically identifies attorney's fees as a recoverable expense. The Debtors' reading of the mortgage does not consider the last clause of the subject mortgage provision which states that "all such expenses shall become so much additional indebtedness secured hereby ..." To interpret the mortgage as only permitting the recovery of attorney's fees for cases other than a foreclosure action brought by Federal would cause the clause quoted above to become surplusage. Further, the

expenses associated with obtaining relief from stay would appear to constitute "any other suit, or legal proceeding" and would also be properly recoverable under the mortgage. *See Lincoln Service Corp. v. Holliday*, 60 B.R. 425, 426–27 (N.D.Ill. 1986) (Analyzing identical mortgage provision as that presently under consideration) and *In re Marino*, 23 B.R. 321, 322 (Bankr. D.Mich.1982). Therefore, reasonable costs and fees incurred by Federal in foreclosing upon the real property and obtaining relief from stay are recoverable under the provisions of the mortgage existing between the parties.

■ Although Federal is oversecured and the provisions of the mortgage permit recovery of the expenses associated with a foreclosure action, Federal is only entitled to claim those expenses which are deemed to be reasonable.

■ This Court is familiar with the filing fees and title search fees normally charged in obtaining foreclosure and relief from stay. In addition, court costs are a matter of public record. However, evidence of these fees and costs should be made available to the Court and the Debtor so that the parties have full and complete information upon which to base their positions.

■ Further, this Court was not presented with any evidence, either at the hearing or in the pleadings, as to the reasonableness of the attorney's fees claimed by Federal. The Court was simply presented at hearing with lump sum figures of $600.00 for the foreclosure representation and $250.00 for the bankruptcy representation. The Court was not advised as to the number of hours expended nor provided with any description of the services rendered in generating these fees. Without such evidence, this Court is unable to determine the reasonableness of such fees. Therefore, it is

ORDERED that the Debtor's Objection to the Claim of Federal National Mortgage

---

**2.** The Debtor's schedules indicate that there are other liens encumbering the Debtor's residence, but Federal holds the first lien in priority.

Association is hereby granted; and it is further

ORDERED that Federal National Mortgage Association file with the Court and serve upon the Debtor and his counsel an itemization of the expenses, including attorney's fees, which comprise its claim so that the reasonableness of these expenses can be evaluated. Such itemization is to be filed and served within ten (10) days from the entry of this Order. Debtor will then have ten (10) days from the date of service to file any further objection and request for hearing. If the Court is satisfied with the reasonableness of the expenses and no objection is filed, the Court will enter an order approving the inclusion of such expenses in the claim of Federal National Mortgage Association.

IT IS SO ORDERED.